■ PATRICK F. MALLEOLO, Appellant, v ELIZABETH T. MAL-LEOLO, Respondent. [731 NYS2d 752] —In a matrimonial action in which the parties were divorced by judgment dated November 22, 1999, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated May 25, 2000, which denied his motion to be relieved of his obligation to provide health insurance coverage to the defendant pursuant to a stipulation of settlement, to direct the defendant to reimburse him for payments he made for health insurance, and for an award of an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to relieve the plaintiff of his obligation to provide health insurance coverage to the defendant and to direct the defendant to reimburse him for payments he made for health insurance, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs payable to the plaintiff, and the matter is remitted to the Supreme Court, Dutchess County, to determine the amount of reimbursement to which the plaintiff is entitled in accordance herewith.

A stipulation of settlement entered into by spouses in contemplation of divorce is a contract subject to general principles of contract construction (*see, Matter of Meccico v Meccico,* 76 NY2d 822; *see also, Matter of Jenkins v Jenkins,* 260 AD2d 380). Where possible, a contract should be interpreted to avoid inconsistencies and to give meaning to all of its provisions, giving a practical and reasonable interpretation to the language employed and the parties' reasonable expectations with respect

thereto (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *see also, Slamow v Del Col,* 174 AD2d 725, *affd* 79 NY2d 1016).

Here, a practical and reasonable interpretation of the stipulation supports a finding that the plaintiff should be relieved of his obligation to provide health insurance coverage to the defendant as she is eligible to receive coverage through her current employment. The stipulation provides, in relevant part, that "in the event the Defendant becomes employed and health insurance coverage is available to her through her employment * * * she is obliged to immediately notify the Plaintiff of such events as such events will relieve Plaintiff of this obligation." The record suggests that at the time the parties entered into the stipulation, they were both unaware of the plaintiff's eligibility to receive coverage through her employment as a teacher's aide. Upon his own inquiry, the plaintiff learned that the defendant was, in fact, eligible to receive coverage and accordingly, he should be relieved of his obligation pursuant to the stipulation.

The plaintiff incurred expenses in providing health insurance coverage to the defendant from July 1999 through March 2000. On this record, we cannot determine the amount of reimbursement to which the plaintiff is entitled. Accordingly, the matter is remitted to the Supreme Court, Dutchess County, to determine the amount of reimbursement to which the plaintiff is entitled.

The parties' remaining contentions are without merit. Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.