■ ROBERT R. SYLVESTER, Appellant, v BETH SYLVESTER, Respondent. [736 NYS2d 261] —In a matrimonial action in which the parties were divorced by judgment entered May 17, 1996, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Roberto, J.), entered June 11, 2001, which granted the defendant's motion, in effect, to amend a qualified domestic relations order of the same court entered May 17, 1996, to meet the requirements of his employer's retirement pension, and (2) a qualified domestic relations order of the same court, entered June 14, 2001.

Ordered that the appeal from the qualified domestic relations order entered June 14, 2001, is dismissed; and it is further,

Ordered that order entered June 11, 2001, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

No appeal lies as of right from the entry of a qualified domestic relations order (hereinafter QDRO) which functions to implement those portions of the judgment of divorce awarding one spouse an interest in the marital portion of the other spouse's retirement pension (*see,* CPLR 5701 [a] [2]; *Gormley v Gormley,* 238 AD2d 545, 546). Under the circumstances of this case, we decline to grant the plaintiff leave to appeal from the QDRO entered June 14, 2001.

The Supreme Court properly granted the defendant's motion, in effect, to amend the QDRO entered May 17, 1996, to meet the requirements of the retirement pension of the plaintiff's employer (*see, Majauskas v Majauskas,* 61 NY2d 481). The plaintiff's objections thereto are either unpreserved for appellate review, barred by laches, or without merit (*see, Larson v Albany Med. Ctr.,* 252 AD2d 936; *Gormley v Gormley, supra*). Smith, J.P., Krausman, Schmidt and Cozier, JJ., concur.