■ Timothy B. McQuade, Respondent, v Nancy McQuade, Appellant. [889 NYS2d 247]—

In a matrimonial action in which the parties were divorced by judgment entered March 29, 2001, the defendant former wife appeals from an order of the Supreme Court, Suffolk County (McNulty, J.), dated October 24, 2008, which denied her motion, inter alia, in effect, to clarify a qualified domestic relations order of the same court (Molia, J.) dated January 19, 2005,

distributing her share of the plaintiff former husband's pension pursuant to the parties' separation agreement.

Ordered that the order dated October 24, 2008 is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was, in effect, to clarify the qualified domestic relations order dated January 19, 2005, and substituting therefor a provision granting that branch of the motion, vacating the qualified domestic relations order dated January 19, 2005, and directing the entry of an amended qualified domestic relations order in the form submitted by the defendant as exhibit D to her moving papers ; as so modified, the order dated October 24, 2008 is affirmed, with costs to the defendant.

This matrimonial action was commenced on May 19, 1998 and in September 1999 the parties entered into a stipulation of settlement, which provided, among other things, that when the plaintiff former husband retired from his position as a police officer, the defendant former wife would be entitled to a share of his retirement benefits. The Supreme Court issued a qualified domestic relations order (hereinafter QDRO) dated January 19, 2005 which reflected the terms of the parties' stipulation and provided, in relevant part, that if the plaintiff retired under "section 384-d of the New York State & Local Police and Fire Retirement System" (an apparent reference to Retirement and Social Security Law § 384-d), the defendant's monthly share would be $1,317.54, but if the plaintiff retired under any other section, the defendant would be entitled to 35.19% of the plaintiff's monthly benefits, "determined as of May 19, 1998, using the years of credited service and Final Average Salary accumulated as of May 19, 1998."

In or about June 2005 the plaintiff retired, and began receiving benefits pursuant to Retirement and Social Security Law § 384-e. The New York State and Local Police and Fire Retirement System (hereinafter the Retirement System) acknowledged that the defendant's monthly share of the benefits paid pursuant to section 384-e would be $1,740.52, but refused to disburse the increased amount to the defendant unless the QDRO was amended to specifically instruct it to do so. The defendant submitted to the Supreme Court a proposed amended QDRO, which included language specifically instructing the Retirement System to "calculate a 384-e benefit determined as of May 19, 1998," and pay the former wife "35.19% of that benefit or the sum of $1,740.52 per month," retroactive to the date of the plaintiff's retirement. The court, however, did not sign the proposed amended QDRO.

The defendant, represented by new counsel, subsequently moved, inter alia, in effect, to clarify the QDRO by adding the instructions proposed by the Retirement System. The Supreme Court denied the motion, and the defendant appeals.

The Supreme Court correctly concluded that the QDRO was consistent with the terms of the stipulation of settlement. Under both documents, however, the defendant was clearly entitled to 35.19% of the plaintiff's section 384-e retirement allowance. The Retirement System has taken the position that, even though the plaintiff retired under section 384-e, the defendant could only be awarded a share of the benefits the plaintiff would have received under section 384-d, since the QDRO employed the phrase "determined as of May 19, 1998," and the section 384-d retirement plan was the only plan available to the plaintiff on May 19, 1998. This reasoning is flawed. The QDRO sets forth separate instructions for making payments to the defendant "[i]f the Participant retires under . . . any . . . Section *other than* 384-d" (emphasis supplied) (hereinafter the alternative payment provision). The reference in those instructions to May 19, 1998 merely serves to separate the marital portion of the plaintiff's retirement benefits from the individual portion of those benefits. Even if the plaintiff's ability to retire under the section 384-e plan was attributable to his continued employment subsequent to May 19, 1998, the defendant possesses "the right to share in the pension as it is ultimately determined" (*Olivo v Olivo*, 82 NY2d 202, 210 [1993]).

General principles of contract construction, which apply to the stipulation of settlement entered into in this case (*see Malleolo v Malleolo*, 287 AD2d 603 [2001]), require courts to "adopt an interpretation which gives meaning to every provision of a contract"; in other words, "no provision of a contract should be left without force and effect" (*Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42, 46 [1956]; *see Zullo v Varley*, 57 AD3d 536, 537 [2008]; *Malleolo v Malleolo*, 287 AD2d at 603-604). Construing the QDRO to mean that the defendant is only entitled to payments in accordance with the retirement plan for which the plaintiff would have been eligible had he retired on May 19, 1998, would render the alternative payment provision meaningless and illusory. The parties were presumably aware, when they entered into the stipulation in September 1999, that on May 19, 1998, the plaintiff was eligible to retire only under the section 384-d plan, and yet the QDRO reflecting the parties' agreement contained the alternative payment provision. That provision must be given effect.

Since the Retirement System has not recognized that the

QDRO requires disbursement to the defendant of the greater monthly amount payable under section 384-e, it is appropriate to clarify the QDRO by inserting the specific language proposed by the Retirement System, which is reflected in the proposed amended QDRO previously submitted to the Supreme Court by the defendant (*see Sylvester v Sylvester*, 290 AD2d 501, 502 [2002]; *cf. Arguinzoni v Parkway Hosp.*, 14 AD3d 633, 634 [2005]).

In addition, the defendant's motion was not untimely made (*see Kiker v Nassau County*, 85 NY2d 879, 881-882 [1995]; *Skrodelis v Norbergs*, 272 AD2d 316 [2000]; *cf. Duhamel v Duhamel*, 4 AD3d 739 [2004]).

The Supreme Court properly denied those branches of the defendant's motion which were for enforcement of certain provisions of the stipulation of settlement and an award of an attorney's fee. The defendant failed to demonstrate that the plaintiff defaulted in the performance of the terms of the stipulation of settlement. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.