■ ANDREA ARCHER, Appellant, v JENNIFER SKOKAN, Respondent. [897 NYS2d 127]—

In an action to foreclose a mortgage, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 13, 2009, as granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211 (a) (1) to dismiss the complaint, and (2) from an order of the same court dated October 6, 2009, which denied that branch of her motion which was denominated as one for leave to renew and reargue, but which was, in actuality, for leave to reargue.

Ordered that the appeal from the order dated October 6, 2009, is dismissed as abandoned, and on the ground that no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated January 13, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

"A party seeking dismissal on the ground that its defense is founded on documentary evidence under CPLR 3211 (a) (1) has the burden of submitting documentary evidence that 'resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Sullivan v State of New York*, 34 AD3d 443, 445 [2006], quoting *Nevin v Laclede Professional Prods.*, 273 AD2d 453, 453 [2000]; *see Snyder v Allstate Ins. Co.*, 70 AD3d 670 [2010]).

"A mortgagor's default in the performance of any covenant or agreement contained in a mortgage does not operate to accelerate the maturity of the principal debt unless there is a specific stipulation to that effect. An acceleration clause, in order to be enforceable so as to mature the entire debt for purposes of foreclosure, must be clear and certain" (*Brayton v Pappas*, 52 AD2d 187, 189 [1976]; *see Bodwitch v Allen*, 91 AD2d 1177, 1178 [1983]). The interpretation of a mortgage, like any contract, "is to be arrived at by a fair consideration of all its terms and provisions" (*Harnickell v Omaha Water Co.*, 146 App Div 693, 699 [1911], *affd* 208 NY 520 [1913]; *see Atwater & Co. v Panama R.R. Co.*, 246 NY 519, 524 [1927]; *Clason's Point Land Co. v Schwartz*, 237 App Div 741, 743 [1933]). "Particular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby. Form should not prevail over substance and a sensible meaning of words should be sought" (*Atwater & Co. v Panama R.R. Co.*, 246 NY at 524; *see Clason's Point Land Co. v Schwartz*, 237 App Div at 743; *Harnickell v Omaha Water Co.*, 146 App Div at 699).

Here, the documentary evidence demonstrated that there was no "alteration, demolition or removal of any building on the premises without the written consent of the mortgagee" warranting the acceleration of the mortgage debt and justifying the equitable remedy of foreclosure (*see generally Skaneateles Sav. Bank v Herold*, 50 AD2d 85, 89 [1975], *affd* 40 NY2d 999 [1976]). At the time this action was commenced, the defendant mortgagor, who had purchased the subject home only three months earlier, was not in default of any payments under the mortgage. The defendant mortgagor had endeavored to make certain repairs and renovations, such as the replacement of windows and doors and the expansion of certain rooms in the home, thereby improving its condition and increasing the value of the plaintiff mortgagee's security interest (*cf. Syracuse Sav.*

*Bank v Onondaga Silk Co., Inc.,* 171 Misc 993 [1939]). There was no basis in the record to conclude that it was the clear and reasonable intention of the parties in this private mortgage transaction to subject the property at issue to foreclosure under the particular circumstances of this case (*see generally Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 555 [1982]; *Herbert Rosenthal Jewelry Corp. v St. Paul Fire & Mar. Ins. Co.,* 21 AD2d 160, 167 [1964], *affd* 17 NY2d 857 [1966]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.