■ In the Matter of DIANA ALLEGRETTI, Appellant, v CHRISTOPHER FITZPATRICK, Respondent. [924 NYS2d 809]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Edlitz, J.), entered August 17, 2010, as denied her motion for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court did not err in denying her motion for an award of an attorney's fee in connection with her petition to modify the visitation provisions set forth in a stipulation that was incorporated but not merged into the parties' judgment of divorce. The stipulation provided, among other things, that the parties were to "re-evaluate" the established visitation arrangements when their child began school. The stipulation also provided that in the event that either party defaulted with respect to their obliga-

tions thereunder, that party would be responsible for paying the attorney's fee incurred by the other party in an enforcement proceeding. The Family Court correctly concluded that the parties' failure to agree on a modified visitation schedule once their child began school did not constitute a "default" under the terms of the stipulation. Accordingly, the Family Court properly denied the mother's motion for an award of an attorney's fee (*see Matter of Berns v Halberstam*, 46 AD3d 808 [2007]; *see also Bayen v Bayen*, 81 AD3d 865, 867 [2011]; *McQuade v McQuade*, 67 AD3d 867, 870 [2009]). Covello, J.P., Leventhal, Lott and Miller, JJ., concur.