In a matrimonial action in which the parties were divorced by judgment dated April 27, 2006, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Neary, J.), entered December 12, 2011, as granted those branches of the defendant’s motion which were to direct him to pay additional maintenance and provide copies of certain documents to the defendant, and (2) from a money judgment of the same court entered January 9, 2012, which, upon so much of the order as granted that branch *973 of the defendant’s motion which was for an award of an attorney’s fee, is in favor of the defendant and against him in the principal sum of $14,820.06.
Ordered that on the Court’s own motion, the notice of appeal from so much of the order as granted that branch of the defendant’s motion which was for an award of an attorney’s fee is deemed a premature notice of appeal from the money judgment (see CPLR 5520 [c]); and it is further,
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that the money judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the defendant.
When the parties were divorced, a stipulation of settlement was incorporated by reference, but not merged, into the judgment of divorce. The stipulation provided that, as additional maintenance, the plaintiff was to pay the defendant a percentage of his “net earned income,” defined as including the plaintiffs “salary” and “cash bonuses,” but not “equity based compensation.”
The defendant moved, inter alia, to direct the plaintiff to pay additional maintenance and to provide her with copies of the plaintiffs 2009 W-2 statement and income tax returns, contending that the plaintiff had received an unsecured loan in the principal sum of $5,163,000 from his new employer, Morgan Stanley, with payment of the principal due on March 17 of each year, commencing in 2009 and continuing in equal installments through 2020. The plaintiff acknowledged that each year, commencing in 2009, one twelfth of the principal balance was forgiven by Morgan Stanley.
The Supreme Court properly concluded that the portion of the loan forgiven in any given year constitutes a cash bonus within the stipulation’s definition of “net cash income” (see Merrill Lynch Intl. Fin., Inc. v Donaldson, 27 Misc 3d 391, 393 [2010]). Moreover, the Internal Revenue Service considers loan forgiveness to be taxable income (see 26 USC § 61 [a] [12]).
The plaintiff contends that the Supreme Court improperly directed him to produce his 2009 W-2 statement and income tax returns, as the stipulation did not specifically require production of these documents. However, as the defendant correctly notes, acceptance of this contention would render meaningless the stipulation’s provision that additional maintenance be calculated using the plaintiffs net earned income, because there would be no way of calculating his net earned income after he *974 left his employment with his former employer. “[A] court’s reading of a contract should not render any provision meaningless, but rather, the court should construe a contract so as to give full meaning and effect to its material provisions” (Lobacz v Lobacz, 72 AD3d 653, 654-655 [2010]; see McQuade v McQuade, 67 AD3d 867, 869 [2009]; see also Comras v Comras, 195 AD2d 358, 361 [1993]).
The plaintiffs remaining contentions are without merit. Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.