Friends of Wickers Cr. Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc. (2021 NY Slip Op 05548)





Friends of Wickers Cr. Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc.


2021 NY Slip Op 05548


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2020-00724
 (Index No. 68836/17)

[*1]Friends of Wickers Creek Archeological Site, Inc., respondent, 
v
Landing on the Water at Dobbs Ferry Homeowners Association, Inc., appellant.


Braverman Greenspun, P.C., New York, NY (Jon Kolbrener of counsel), for appellant.
Pace Environmental Litigation Clinic, Inc., White Plains, NY (Todd D. Ommen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract and for declaratory and injunctive relief, the defendant appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated December 31, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint and, in effect, declaring that a stipulation does not prevent the defendant from locking a gate on the subject footbridge during daylight hours and otherwise unreasonably blocking public access across the footbridge, and granted the plaintiff's motion for summary judgment on the complaint and, in effect, declaring that the stipulation prevents the defendant from locking a gate on the subject footbridge during daylight hours and otherwise unreasonably blocking public access across the footbridge.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the stipulation prevents the defendant from locking a gate on the subject footbridge during daylight hours and otherwise unreasonably blocking public access across the footbridge.
In November 2000, the plaintiff entered into a stipulation with the defendant's predecessor in interest, Summit Landing, LLC (hereinafter Summit), to settle an action commenced by Summit against, among others, the plaintiff. Pursuant to the stipulation, Summit agreed to provide permanent public access to certain tracts of land, which it then owned. In this action, the plaintiff alleges that the defendant breached the terms of the stipulation by locking a gate on a footbridge on the subject property, blocking access to a parcel of real property located on the Hudson River that is part of a walking easement in favor of the Village of Dobbs Ferry.
The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint and, in effect, declaring that the stipulation does not prevent the defendant from locking a gate on the footbridge during daylight hours and otherwise unreasonably blocking public access across the footbridge, and properly granted the plaintiff's motion for summary [*2]judgment on the complaint and, in effect, declaring that the stipulation prevents the defendant from locking a gate on the footbridge during daylight hours and otherwise unreasonably blocking public access across the footbridge. The plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the defendant's actions breached the stipulation, which required the defendant to maintain the footbridge in furtherance of the walking easement.
Although the stipulation contemplated the creation of a walking easement in favor of the general public, and not only the residents of the Village, that did not relieve the defendant of the obligation to maintain the footbridge in furtherance of the easement. A contract should be construed so as to give full meaning and effect to its material provisions (see Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46; McQuade v McQuade, 67 AD3d 867, 869). A reading of the contract should not render any portion meaningless, and the contract should be read as a whole, with every part interpreted with reference to the whole. If possible, the contract will be interpreted as to give effect to its general purpose (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324-325; Wilson v PBM, LLC, 193 AD3d 22).
Here, to interpret the provision regarding the walking easement as being applicable to the defendant only if the walking easement created was in favor of the general public would render that provision meaningless. Such an interpretation would mean that the defendant was not required to provide access over the footbridge even to residents of the Village, who are undisputedly entitled to access the waterfront parcel pursuant to the terms of the easement. That provision of the stipulation is interpreted to give effect to its general purpose of ensuring that the defendant provides access to the easement area via the footbridge, as part of the settlement of the litigation between Summit and the plaintiff. The Supreme Court correctly determined that the defendant's actions in locking the gate on the footbridge, preventing Village residents from accessing the waterfront parcel, were in violation of the defendant's acknowledged obligation to maintain the footbridge in furtherance of the walking easement.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the stipulation prevents the defendant from locking a gate on the footbridge during daylight hours and otherwise unreasonably blocking public access across the footbridge (see Lanza v Wagner, 11 NY3d 317, 334).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court