Ippolito v Ippolito (2024 NY Slip Op 04381)

Ippolito v Ippolito

2024 NY Slip Op 04381

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-09507
 (Index No. 201328/17)

[*1]Frederick Ippolito, appellant, 
v
Dana Ippolito, respondent.

Law Offices of Kenneth J. Weinstein, P.C., Garden City, NY, for appellant.
Gemelli Gross Shapiro & Marino, Forest Hills, NY (Mark I. Plaine of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered July 2, 2021, the plaintiff appeals from an order of the Supreme Court, Nassau County (Edmund M. Dane, J.), dated October 11, 2022. The order (1) denied the plaintiff's motion to permit him to access the former marital residence with a bank appraiser for the purpose of conducting an appraisal and for an award of attorneys' fees and (2) granted the defendant's cross-motion pursuant to 22 NYCRR 130-1.1 for an award of sanctions to the extent of awarding the defendant attorneys' fees in the sum of $1,202.50.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was to permit him to access the former marital residence with a bank appraiser for the purpose of conducting an appraisal, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting the defendant's cross-motion pursuant to 22 NYCRR 130-1.1 for an award of sanctions to the extent of awarding the defendant attorneys' fees in the sum of $1,202.50, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed, with costs to the plaintiff.
The parties were divorced by a judgment of divorce entered July 2, 2021. The judgment of divorce incorporated but did not merge a stipulation of settlement (hereinafter the stipulation) entered into by the parties in 2020. The stipulation provides, inter alia, that the defendant shall have "sole and exclusive occupancy" of the former marital residence until February 1, 2028, that the plaintiff shall have exclusive use and occupancy of the former marital residence thereafter, and that "[n]o later than the termination of [the defendant's] period of exclusive occupancy, the [plaintiff] will endeavor to remove the [defendant's] name from the mortgage . . . by either paying off said mortgage, refinancing said mortgage, modifying said mortgage, assumption or by sale of the Marital Residence (including by short sale)." The former marital residence is "upside down" in that the estimated fair market value thereof is substantially less than the combined outstanding balances of a mortgage and home equity line of credit (hereinafter the HELOC) on the former marital residence, and the HELOC, which is solely in the plaintiff's name, has not been paid since 2009. Additionally, pursuant to the stipulation, the parties acknowledge that the mortgage had not been paid since in or about January 2018, and the plaintiff "agrees he shall act to prevent any [*2]judgment of foreclosure and sale during the [defendant's] period of exclusive occupancy . . . which may include, immediately upon service of process retaining counsel . . . , making partial payments, and/or negotiating a settlement with the bank(s)."
The plaintiff moved to permit him to access the former marital residence with a bank appraiser for the purpose of conducting an appraisal and for an award of attorneys' fees. The plaintiff alleged that "[t]he bank requires an appraisal for the purposes of negotiations" and that the defendant's failure to cooperate with an appraisal interferes with his ability to negotiate with the bank, which is necessary to comply with the terms of the parties' stipulation. The defendant cross-moved pursuant to 22 NYCRR 130-1.1 for an award of sanctions. In an order dated October 11, 2022, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion to the extent of awarding the defendant attorneys' fees in the sum of $1,202.50. The plaintiff appeals.
"'A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation'" (Matter of Pizzuto v Pizzuto, 129 AD3d 846, 846, quoting Matter of Korosh v Korosh, 99 AD3d 909, 910). "In interpreting such an agreement, a court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Matter of Pizzuto v Pizzuto, 129 AD3d at 847 [internal quotation marks omitted]; see McQuade v McQuade, 67 AD3d 867, 869). "[A] court's reading of a contract should not render any provision meaningless, but rather, the court should construe a contract so as to give full meaning and effect to its material provisions" (Seruya v Seruya, 107 AD3d 972, 974 [internal quotation marks omitted]; see McQuade v McQuade, 67 AD3d at 869).
The Supreme Court erred in denying that branch of the plaintiff's motion which was to permit him to access the former marital residence with a bank appraiser for the purpose of conducting an appraisal. Contrary to the defendant's contention, it is not determinative that the stipulation failed to specifically provide for this occurrence. As correctly argued by the plaintiff, construing the stipulation in a manner so as to deny him reasonable access to the former marital residence with a bank appraiser renders meaningless those provisions of the stipulation that obligate him to endeavor to remove the defendant's name from the mortgage "by either paying off said mortgage, refinancing said mortgage, modifying said mortgage, assumption or by sale of the Marital Residence (including by short sale)," and to prevent a judgment of foreclosure and sale by, inter alia, negotiating a settlement with the bank. Additionally, the stipulation contemplates that the plaintiff will fulfill these obligations during the defendant's period of sole and exclusive occupancy. Notably, an action to foreclose the mortgage has been commenced against the parties. An appraisal was required by the plaintiff's bank to resolve a settlement or to negotiate a discounted payoff. Therefore, in order to give full meaning and effect to the parties' stipulation and to enable the plaintiff to fulfill his obligations in connection therewith, the stipulation must be construed so as to permit the plaintiff to access the former marital residence with a bank appraiser for the purpose of conducting an appraisal (see Seruya v Seruya, 107 AD3d at 973-974). Moreover, the court's conclusion that the parties waived further appraisals with respect to the former marital residence is based upon language in the stipulation that is taken entirely out of context (see generally Archer v Skokan, 70 AD3d 877, 878-879).
Further, considering the equities and the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for an award of attorneys' fees, and improvidently exercised its discretion in granting the defendant's cross-motion to the extent of awarding the defendant attorneys' fees (see Domestic Relations Law § 238).
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court