■ FRANKLIN APARTMENT ASSOCIATES, INC., Respondent, v WESTBROOK TENANTS CORP., Appellant. [841 NYS2d 673]—

In an action for a judgment declaring that the defendant is responsible for the repair of certain items of plumbing known as "shower bodies," for an injunction compelling the defendant to repair the "shower bodies," and to recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated September 26, 2006, which granted the plaintiff's motion, in effect, for summary judgment declaring that the defendant is responsible for

the repair of the "shower bodies" and for summary judgment dismissing the affirmative defenses, and denied its cross motion, in effect, for summary judgment declaring that it was not responsible for the repair of the "shower bodies" and for summary judgment dismissing the plaintiff's claims for injunctive relief and to recover damages for injury to property.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an interlocutory judgment declaring that the defendant is responsible for the repair of the "shower bodies" and thereafter for an assessment of damages and entry of a final judgment.

The plaintiff is a holder of stock and proprietary leases appurtenant to several apartments in a building owned by the defendant cooperative corporation. Leaks developed in the bathrooms of several apartments. Specifically, the leaks developed in items of plumbing known as "shower bodies." The parties could not agree on who was responsible for the repairs. The plaintiff commenced this action, inter alia, seeking a judgment declaring that the defendant was responsible for the repairs under the terms of the appurtenant leases. The plaintiff moved, in effect, for summary judgment declaring that the defendant was responsible for the repairs and for summary judgment dismissing the defendant's affirmative defenses. The defendant cross-moved, in effect, for summary judgment declaring that it was not responsible for the repairs and for summary judgment dismissing the plaintiff's claims for injunctive relief and to recover damages for injury to property. In support of the motion and the cross motion, both parties offered differing interpretations of the relevant provisions of the leases. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. We affirm.

"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations (id.; see Correnti v Allstate Props., LLC, 38 AD3d 588, 590 [2007]). The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court (see Katina, Inc. v Famiglietti, 306 AD2d 440, 441 [2003]).

Here, paragraph 2 of the leases provides that "[t]he Lessor [the defendant] shall at its expense keep in good repair the building including all of the apartments, the sidewalks and

courts surrounding the same, and its equipment and apparatus except those portions the maintenance and repair of which are expressly stated to be the responsibility of the Lessee [the plaintiff] pursuant to Paragraph 18 hereof." In relevant part, paragraph 18 provides: "[t]he Lessee . . . shall be solely responsible for the maintenance, repair, and replacement of plumbing, gas and heating fixtures and equipment and such refrigerators, dishwashers, removable and through-the-wall air conditioners, washing machines, ranges and other appliances, as may be in the apartment. Plumbing, gas and heating fixtures as used herein shall include exposed gas, steam and water pipes attached to fixtures, appliances and equipment and the fixtures, appliances and equipment to which they are attached, and any special pipes or equipment which the Lessee may install within the wall or ceiling, or under the floor, but shall not include gas, steam or other pipes or conduits within the walls, ceiling or floors or heating equipment which is part of the standard building equipment."

The defendant argues that the shower bodies are plumbing "fixtures" or "equipment" within the meaning of paragraph 18. The terms are not defined in the leases. However, giving a practical interpretation to the language of the leases and the parties' reasonable expectations, repair of the shower bodies is the responsibility of the defendant, either as part of the "pipes or conduits within the walls" that are part of the "standard building equipment," or as maintenance and repair not otherwise delegated to the plaintiff.

The parties agree that the shower bodies are used, inter alia, to control the mix of hot and cold water to the shower and/or bathtub. However, this does not appear wholly accurate. Rather, based on the affidavits, installation instructions, and parts lists submitted by the parties, the part identified as the shower body is a T-shaped metal casing in which such mixing occurs. The installation instructions reveal that the shower body is located behind the finished walls, and is attached to the framing and either screwed or soldered onto the water supply lines. (Here, the shower bodies were installed as part of the original plumbing.) Thus, unlike various other parts of the shower/bathtub unit, such as the shower head, pressure balance cartridge, safe-temp control cartridge, and handles, the shower bodies are affixed to the building and its water supply lines, and cannot be accessed by tenants without opening the walls. We agree with the Supreme Court that the leases evince an intent to draw a general distinction between pipes, conduits, and other items within the walls, ceiling, and floors, and those without, with responsi-

bility for the former resting with the defendant (*see e.g. Machado v Clinton Hous. Dev. Co., Inc.*, 20 AD3d 307 [2005]). Further, such an interpretation would give effect to the reasonable expectations of the parties. In general, a tenant would not reasonably expect to be liable for repairs that require the opening of walls, ceilings, or floors. Rather, in general, such repairs implicate issues affecting the structural integrity or the permanent features or systems of a building, and the parties to the lease would reasonably expect these repairs to be made by the landlord. In sum, responsibility for the repair of the shower bodies was properly placed with the defendant (*cf. Machado v Clinton Hous. Dev. Co., Inc., supra*).

The defendant's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of an interlocutory judgment declaring that the defendant is responsible for the repair of the shower bodies (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]), and thereafter for an assessment of damages and entry of a final judgment. Crane, J.P., Ritter, Dillon and Carni, JJ., concur.