JUDITH D. WILLSEY, Respondent, v MILKJOR GJURAJ, Appellant. [885 NYS2d 528]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property and for a judgment declaring that the plaintiff is entitled to retain the defendant's $18,000 down payment as liquidated damages, the defendant appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 1, 2008, which, among other things, granted the plaintiff's motion, in effect, for summary judgment on the first and second causes of action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the plaintiff is entitled to retain the defendant's $18,000 down payment as liquidated damages.

The plaintiff, as seller, and the defendant, as buyer, entered into a contract for the sale of a parcel of property on East Noxon Road in LaGrangeville, Dutchess County. The contract provided, inter alia, that closing would occur within 30 days after final Board of Health approval was received. Pursuant to the process of securing such final approval, the location for the septic lines on the parcel was relocated from where it appeared on an original subdivision map. After final approval was received and the defendant failed to schedule a closing date, the plaintiff declared time to be of the essence and scheduled the closing date. The defendant, however, claimed that the parcel, as approved, was not the parcel he agreed to purchase. Specifically, he objected to the relocation of the septic lines because he claimed that this alteration would substantially reduce the distance a house could be set back from the road. The defendant declared the plaintiff in breach of the contract and demanded the return of his $18,000 down payment. The plaintiff proceeded with the closing, at which the defendant did not appear. The plaintiff commenced this action, inter alia, to recover damages for breach of the contract for the sale of the real property and for a judgment declaring that she was entitled to retain the defendant's $18,000 down payment as liquidated damages. After the defendant interposed an answer with counterclaims, the plaintiff moved, in effect, for summary judgment on the first and second causes of action. The Supreme Court granted the plaintiff's motion. We affirm.

We agree with the Supreme Court that the defendant breached the contract of sale. " 'The fundamental, neutral precept of contract interpretation is that agreements are

construed in accord with the parties' intent' " (*Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007], quoting *Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). "When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (*Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d at 861; *see Greenfield v Philles Records*, 98 NY2d at 569; *Correnti v Allstate Props., LLC*, 38 AD3d 588, 590 [2007]). "Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d at 569; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). " '[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing' " (*Henrich v Phazar Antenna Corp.*, 33 AD3d 864, 867 [2006], quoting *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). "Therefore, a court 'will not imply a term where the circumstances surrounding the formation of the contract indicate that the parties, when the contract was made, must have foreseen the contingency at issue and the agreement can be enforced according to its terms' " (*Henrich v Phazar Antenna Corp.*, 33 AD3d at 867, quoting *Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]). Here, contrary to the defendant's contention, the contract was unambiguous as to the identity of the parcel at issue and, accordingly, extrinsic or parol evidence of the parties' intent was not to be considered (*see Henrich v Phazar Antenna Corp.*, 33 AD3d at 867). Moreover, the contract contained a merger clause, establishing that the contract of sale represented the extent of the agreement between the parties. The agreement clearly identified the parcel of land that was the subject of the contract of sale and, by failing to appear at the closing and to consummate the transaction, the defendant breached the contract. If the parties intended the contract to be conditioned on the location of the septic lines or the existence of particular setbacks, they could have written such conditions into the agreement.

With regard to the cause of action for a judgment declaring that the plaintiff is entitled to retain the defendant's $18,000 down payment, "a 'vendee who defaults on a real estate contract without lawful excuse, cannot recover the down payment' " (*Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 62 [2003], quoting *Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]; *see New Colony Homes, Inc. v Long Is. Prop. Group,*

*LLC*, 21 AD3d 1072, 1073 [2005]). In the absence of a lawful excuse for the defendant's failure to appear at the closing and his breach of the contract of sale, the defendant was not entitled to return of his down payment.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the plaintiff is entitled to retain the defendant's $18,000 down payment as liquidated damages (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The defendant's remaining contentions either are improperly raised for the first time on appeal (*see Green Apple Mgt. Corp. v Aronis*, 55 AD3d 669 [2008]), or need not be reached in light of our determination. Spolzino, J.P., Dillon, Miller and Dickerson, JJ., concur.