■ Frank M. Lobacz, Appellant, v Susan J. Lobacz, Respondent. [897 NYS2d 516]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 15, 2009, as granted the defendant's motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties, who were married to each other, each owned a one-quarter interest in a partnership known as Solo Realty Company, which owned two properties on Fire Island (hereinafter the Fire Island properties). The other two one-quarter interests in the partnership were owned by nonparties Alan Sobel and Karen Sobel. In 1990 the parties entered into a separation agreement. Pursuant to one provision of the agreement, the plaintiff agreed to loan the defendant the sum of $87,000. The agreement further provided that the loan would be repaid by the defendant "upon the earliest to occur" of three specified events. These events were the "Sale of the Fire Island properties," the "Sale of the marital residence," or "[u]pon the [defendant] attaining the age of fifty-five." On August 1, 2001, the parties and the Sobels dissolved the partnership. In connection with the partnership dissolution, by deeds dated August 1, 2001, the parties and the Sobels conveyed one of the Fire Island properties to the Sobels, and the other to the plaintiff. The plaintiff commenced this action on August 16, 2007, seeking to recover damages for breach of contract arising from the defendant's alleged failure to repay the loan. The defendant moved for summary judgment dismissing the complaint, asserting that, because the earliest of the triggering events which could give rise to her obligation to repay the loan occurred when the Fire Island properties were sold on August 1, 2001, and the plaintiff did not commence this action

until August 16, 2007, the action was time-barred by the applicable six-year limitations period set forth in CPLR 213. In the order appealed from, the Supreme Court, inter alia, granted the defendant's motion. We affirm the order insofar as appealed from.

" ' "When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" ' " (*Willsey v Gjuraj*, 65 AD3d 1228, 1230 [2009], quoting *Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]; *see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Correnti v Allstate Props., LLC*, 38 AD3d 588, 590 [2007]). " 'Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (*Willsey v Gjuraj*, 65 AD3d at 1230, quoting *Greenfield v Philles Records*, 98 NY2d at 569; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). " ' "[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" ' " (*Willsey v Gjuraj*, 65 AD3d at 1230, quoting *Henrich v Phazar Antenna Corp.*, 33 AD3d 864, 867 [2006]; *see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]).

Here, contrary to the plaintiff's contention, the conveyances of the Fire Island properties upon the dissolution of the partnership, which were, according to the deeds, executed "in consideration of ten dollars and other valuable consideration paid by" the grantees, did constitute sales of the Fire Island properties. Moreover, contrary to the plaintiff's contention, the settlement agreement contained no requirement that a sale of the Fire Island properties would only trigger the defendant's obligation to repay the loan where the grantee was a stranger to the partnership. Finally, there is no merit to the plaintiff's contention that, under article XXI of the settlement agreement, entitled "WAIVER," he could seek repayment upon the happening of any of the triggering events, because his failure to enforce his rights following one triggering event would not constitute a waiver of his right to do so upon the happening of another triggering event. The interpretation advocated by the plaintiff would render meaningless the agreement's specific provision that the plaintiff's right to repayment arose "upon the earliest to occur" of three specified events, and a court's reading of a contract should not render any provision meaningless but,

rather, the court should construe a contract so as to give full meaning and effect to its material provisions (*see McQuade v McQuade*, 67 AD3d 867, 869 [2009]; *CNR Healthcare Network, Inc. v 86 Lefferts Corp.*, 59 AD3d 486, 489 [2009]; *Dental Health Assoc. v Zangeneh*, 34 AD3d 622, 624 [2006]).

Since the plaintiff failed to commence this action within six years after the occurrence of the first of the triggering events—the sale of the Fire Island properties on or about August 1, 2001—the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint as time-barred. Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur.