■ M & R ROCKAWAY, LLC, Respondent, v SK ROCKAWAY REAL ESTATE COMPANY, LLC, Appellant. [902 NYS2d 621]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered April 23, 2009, as granted the plaintiff's cross motion for summary judgment, and (2), from a judgment of the same court entered June 19, 2009, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $189,780.03.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

" 'When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations' " (*Willsey v Gjuraj*, 65 AD3d 1228, 1230 [2009], quoting *Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]; *see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Correnti v Allstate Props., LLC*, 38 AD3d 588, 590 [2007]). " '[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (*Willsey v Gjuraj*, 65 AD3d at 1230, quoting *Greenfield v Philles Records*, 98 NY2d at 569). This rule is of special import " 'in the context of real property transactions, where commercial certainty is a paramount concern, and where . . . the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length' " (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004], quoting *Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995] [internal quotation marks and citation omitted]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, in support of its motion, the contract of sale and its amendments, the broad language of which demonstrated a clear intent to have certain funds repaid to the plaintiff "for any reason whatsoever." The plaintiff also offered proof of the defendant's failure to repay the subject funds. Since the defendants failed to raise a triable issue of fact in response, the Supreme Court properly granted the plaintiff's motion (*see Northport Car Wash, Inc. v Northport Car Care, LLC*, 52 AD3d 794 [2008]; *Governor & Co. of Bank of Ireland v Dromoland Castle*, 212 AD2d 759 [1995]; *Gateway State Bank v Shangri-La Private Club for Women*, 113 AD2d 791 [1985], *affd* 67 NY2d 627 [1986]). Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.