■ ECCLESTON HALL, Plaintiff, v GLADYS PAEZ, Defendants, and EUCLID AVENUE LIMITED PARTNERSHIP, Defendant/Third-Party Plaintiff-Appellant. CITY OF NEW YORK DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, Third-Party Defendant-Respondent. [909 NYS2d 105]—

In an action to recover damages for personal injuries and a related third-party action, inter alia, for contractual indemnification, the defendant/third-party plaintiff appeals from (1) a decision of the Supreme Court, Kings County (Ambrosio, J.), entered February 25, 2009, made after a nonjury trial on stipulated facts, and (2) a judgment of the same court entered April 19, 2010, which, upon the decision, is in favor of the third-party defendant and against it dismissing the third-party complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant.

In September 2000 the plaintiff, an employee of the third-

party defendant, City of New York Department of Citywide Administrative Services (hereinafter the City), allegedly was injured when he stepped into a hole in the parking lot of certain premises (which included a four-story office building and the parking lot) owned by the defendant/third-party plaintiff, Euclid Avenue Limited Partnership (hereinafter Euclid), and leased to the City. The plaintiff commenced this action against, among others, Euclid, seeking to recover damages for personal injuries. Euclid commenced a third-party action against the City seeking, inter alia, contractual indemnification under the subject lease. After Euclid settled the plaintiff's underlying action, a nonjury trial was conducted in the third-party action on stipulated facts.

The subject lease provided that Euclid was responsible for "all repairs . . . to the exterior and structural elements of the Demised Premises, including any required maintenance, repairs and replacement to the windows, structural plumbing, sidewalks (repairs only), roof, electrical, elevator, heating, ventilation and air-conditioning systems if necessary." The Supreme Court found that this provision imposed responsibility for repairing the parking lot on Euclid, and it therefore held that Euclid was not entitled to indemnification. A judgment was subsequently entered dismissing the third-party complaint. We affirm.

" 'The best evidence of what parties to a written agreement intend is what they say in their writing' " (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002], quoting *Slamow v Del Col*, 79 NY2d 1016, 1018 [1992]). Further, "[w]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (*Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007] [citations omitted]; *see Gutierrez v State of New York*, 58 AD3d 805, 807 [2009]). The rule that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d at 569) is of special import in the context of real property transactions where commercial certainty is important and the contract was negotiated between sophisticated counseled parties negotiating at arm's length (*see M & R Rockaway, LLC v SK Rockaway Real Estate Co., LLC*, 74 AD3d 759 [2010]).

Here, the lease provision at issue specified that Euclid was obligated to make repairs to all "exterior and structural elements." This phrase clearly and unambiguously included the parking lot, thus placing the obligation to repair the parking lot on Euclid. Accordingly, the Supreme Court properly determined

that Euclid was not entitled to indemnification from the City under the lease. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.