■ In the Matter of the Estate of ALFRED J. CARRACINO, Deceased. ROSE CARRACINO, Appellant; JOSEPH J. CARRACINO, Respondent. [912 NYS2d 267]—

In a probate proceeding in which an action, inter alia, to recover damages for breach of a prenuptial agreement was transferred from the Supreme Court, Nassau County, to the Surrogate's Court, Nassau County, Rose Carracino appeals from a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated August 13, 2009, which, upon an order of the same court dated March 30, 2009, granting Joseph J. Carracino's motion for summary judgment dismissing the complaint and denying her cross motion for summary judgment on the complaint, in effect, dismissed the complaint.

Ordered that the decree is affirmed, with costs.

It is axiomatic that "[w]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (*M & R Rockaway, LLC v SK Rockaway Real Estate Co., LLC*, 74 AD3d 759, 759 [2010] [internal quotation marks and citations omitted]; *see Slamow v Del Col*, 174 AD2d 725, 726 [1991], *affd* 79 NY2d 1016 [1992]; *Willsey v Gjuraj*, 65 AD3d 1228, 1230 [2009]). Furthermore, "[a] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*M & R Rockaway, LLC v SK Rockaway Real Estate Co., LLC*, 74 AD3d at 759 [internal quotation marks and citations omitted]; *see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272 [2005]; *Greenfield v Philles Records*, 98 NY2d 562 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157 [1990]).

Here, the prenuptial agreement was clear and unambiguous. There is no language in the agreement that states or can be construed to mean that the decedent was voluntarily obligating himself to purchase a mortgage life insurance policy for each and every home purchased by the parties throughout the duration of their marriage. "[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (*Lobacz v Lobacz*, 72 AD3d 653, 654 [2010], quoting *Willsey v Gjuraj*, 65 AD3d at 1230; *see Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]; *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446, 447 [2006]). Contrary to the appellant's contentions, the agreement specified that "upon their marriage," the parties would become joint owners of either the decedent's then-current residence located on Michel Avenue in South Farmingdale, or a replacement home that they were contemplating purchasing at the time of entering into the agreement, and that the decedent agreed to purchase a mortgage life insurance policy with respect to the Michel Avenue premises or the replacement property, if the replacement property was purchased. The appellant and the decedent did not purchase a replacement property, but continued to live in the Michel Avenue premises at the time of the marriage, and for three years thereafter. Pursuant to the terms of the agreement, the decedent's obligation to procure mortgage life insurance did not extend to properties purchased after the sale of the Michel Avenue premises.

In addition, the appellant's cause of action to recover damages for unjust enrichment was properly dismissed since the appellant's claims are governed by a valid and enforceable agreement (*see Marc Contr., Inc. v 39 Winfield Assoc., LLC*, 63 AD3d 693, 695 [2009]; *see also EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 23 [2005]; *State of New York v Barclays Bank of N.Y.*, 76 NY2d 533, 540 [1990]; *Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 593 [2007]). Skelos, J.P., Balkin, Eng and Austin, JJ., concur.