WEAVER STREET PROPERTIES, LLC, Appellant, v COLD STONE CREAMERY, INC., Respondent. [926 NYS2d 656]—

The plaintiff and the defendant entered into a lease whereby the defendant rented store space in a shopping center owned by the plaintiff. The defendant then entered into a sublease with a company owned by Aaron Tzamarot and Karin Tzamarot, which ran an ice cream store as a franchise of the defendant. The franchisee defaulted in the payment of rent, and thereafter closed the store about 18 months into the lease term. The plaintiff commenced this action, inter alia, to recover damages for breach of contract, alleging, among other things, that it was entitled to damages in the amount of the rent due for the remainder of the lease term. The Supreme Court granted that

branch of the plaintiff's motion which was for summary judgment on the first and second causes of action in the complaint, but limited damages to 12 months' base rent. The court denied those branches of the plaintiff's motion which sought an award of an attorney's fee and sanctions against the defendant. The plaintiff appeals from so much of the order as limited its damages to 12 months' base rent, and as denied those branches of its motion which were for an award of an attorney's fee and for the imposition of sanctions.

Contrary to the plaintiff's contention, the Supreme Court properly limited the damages resulting from the defendant's default. Section 13.2 (j) of the lease unambiguously provides: "Notwithstanding anything contained herein or elsewhere in this Lease to the contrary, Landlord and Tenant agree that *Tenant's liability upon any breach or default hereunder for nonpayment of rent shall not exceed an aggregate amount equal to twelve (12) months' Base Rent* or the remainder of the rent due pursuant to this Lease, whichever is less" (emphasis added). Where, as here, a real property transaction contract was negotiated at arm's length between sophisticated, counseled parties, special import must be given to the rule that a written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms (*see Hall v Paez*, 77 AD3d 620 [2010]; *Anita Babikian, Inc. v TMA Realty, LLC*, 78 AD3d 1088 [2010]; *M & R Rockaway, LLC v SK Rockaway Real Estate Co., LLC*, 74 AD3d 759 [2010]). Accordingly, the Supreme Court properly capped the plaintiff's damages at 12 months' base rent.

However, the Supreme Court should have granted that branch of the plaintiff's motion which was for an award of an attorney's fee. Section 16.4 of the lease clearly provides that, in the "event of default, . . . whether or not such default results from the nonpayment of Rent," the defendant is obligated to pay the plaintiff the amount of the attorney's fee incurred in connection with that default. We thus remit the matter to the Supreme Court, Westchester County, for a determination of the amount of the attorney's fee incurred.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.