■ DYSAL, INC., Doing Business as CORPORATE REALTY CONSULTANTS, Respondent, v HUB PROPERTIES TRUST et al., Appellants. [938 NYS2d 642]—

" 'The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent' " (*Willsey v Gjuraj*, 65 AD3d 1228, 1229-1230 [2009], quoting *Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007] [some internal quotation marks omitted]; *see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). " 'When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations' " (*Willsey v Gjuraj*, 65 AD3d at 1230, quoting *Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d at 861; *see Greenfield v Philles Records*, 98 NY2d at 569; *Correnti v Allstate Props., LLC*, 38 AD3d 588, 590 [2007]). " 'Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (*Willsey v Gjuraj*, 65 AD3d at 1230, quoting *Greenfield v Philles Records*, 98 NY2d at 569; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). " '[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing' " (*Willsey v Gjuraj*, 65 AD3d at 1230, quoting *Henrich v Phazar Antenna Corp.*, 33 AD3d 864, 867 [2006] [some internal quotation marks omitted]; *see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). "Therefore, a court 'will not imply a term where the circumstances surrounding the formation of the contract indicate that the parties, when the contract was made, must have foreseen the contingency at issue and the agreement can be enforced according to its terms' " (*Willsey v Gjuraj*, 65 AD3d at 1230, quoting *Henrich v Phazar Antenna Corp.*, 33 AD3d at 867 [some internal quotation marks omitted]; *see Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]).

Here, the Supreme Court correctly concluded that, pursuant to the express terms of, among other things, an agreement for the assignment and assumption of leases entered into between the defendant Hub Properties Trust (hereinafter Hub) and its predecessor in interest, Perinton, LLC (hereinafter Perinton), in connection with Hub's purchase of certain real property from Perinton, and a commission agreement entered into between Perinton and the plaintiff, Hub assumed the obligation to pay the plaintiff's commission upon the happening of the "Lease Event." The "Lease Event" occurred when the tenant remained in possession of the subject leased premises beyond the termina-

tion date set forth in the first amendment to the subject lease. Contrary to the defendants' contention, pursuant to the agreement for the assignment and assumption of leases and the commission agreement, Hub affirmatively assumed the obligation to pay the plaintiff its commission (*cf. Longley-Jones Assoc. v Ircon Realty Co.*, 67 NY2d 346 [1986]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, granted the plaintiff's cross motion, in effect, for summary judgment on the issue of liability as against Hub, and set the matter down for a hearing to determine the amount of the commission due.

In light of our determination, we need not reach the parties' remaining contentions. Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.