In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated September 6, 2011, which denied its motion for summary judgment on the complaint and granted that branch of the defendant’s cross motion which was for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
“ ‘The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties’ intent’ ” (Willsey v Gjuraj, 65 AD3d 1228, 1229-1230 [2009], quoting Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp., 43 AD3d 860, 861 [2007] [some internal quotation marks omitted]; see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). “ ‘When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties’ reasonable expectations’ ” (Willsey v Gjuraj, 65 AD3d at 1230, quoting Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp., 43 AD3d at 861; see Greenfield v Philles Records, 98 NY2d at 569; Dysal, Inc. v Hub Props. Trust, 92 AD3d 826, 827 [2012]; Correnti v Allstate Props., LLC, 38 AD3d 588, 590 [2007]). “ ‘Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms’ ” *767 (Willsey v Gjuraj, 65 AD3d at 1230, quoting Greenfield v Philles Records, 98 NY2d at 569; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]).
Here, the Supreme Court correctly determined that the terms of the parties’ profit-sharing agreement were clear and unambiguous, and, pursuant thereto, the plaintiff failed to satisfy a condition precedent to receipt of the sum it demanded in the complaint. Contrary to the plaintiff’s contention, the disputed provision was not ambiguous, as it was not reasonably susceptible of more than one interpretation. Accordingly, the Supreme Court properly denied the plaintiffs motion for summary judgment on the complaint and properly granted that branch of the defendant’s cross motion which was for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur. [Prior Case History: 2011 NY Slip Op 32425(U).]