■ LEONARD FUCILE, Respondents, v L.C.R. DEVELOPMENT, LTD., Appellant. [960 NYS2d 123]—

In an action, inter alia, for a judgment declaring that the plaintiffs are in compliance with the terms of a lease with respect to the payment of rent, the defendant appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 11, 2011, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (5) to dismiss so much of the first cause of action as sought a judgment declaring that paragraph 3.01 (c) of the subject lease, providing the formula for determining basic rental adjustments, is ambiguous, and that the proper formula to use is the formula submitted by the plaintiffs, and pursuant to CPLR 3211 (a) (1), in effect, for a judgment declaring that it was entitled, pursuant to paragraph 6.02 of the lease, to terminate the lease based on the plaintiffs' default with respect to the payment of rent and additional rent, and (2) from so much of an order of the same court dated January 3, 2012, as denied that branch of its motion which was for leave to renew that branch of its prior motion which was to dismiss, as untimely, those portions of the first cause of action which sought a judgment declaring that paragraph 3.01 (c) of the lease, providing the formula for determining basic rental adjustments, is ambiguous, and that the proper formula to use is the formula submitted by the plaintiffs.

Ordered that the order dated August 11, 2011, is reversed insofar as appealed from, on the law, those branches of the defendant's motion which were to dismiss, as untimely, so much of the first cause of action as sought a judgment declaring that paragraph 3.01 (c) of the subject lease, providing the formula for determining basic rental adjustments, is ambiguous, and that the proper formula to use is the formula submitted by the plaintiffs, and pursuant to CPLR 3211 (a) (1), in effect, for a judgment declaring that the defendant was entitled, pursuant to paragraph 6.02 of the lease, to terminate the lease based on the plaintiffs' default with respect to the payment of rent and additional rent, are granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is entitled, pursuant to section 6.02 (a) and (b) of the lease, to terminate the lease based on the plaintiffs' default with respect to the payment of rent and ad-

ditional rent in the event the plaintiffs fail to cure the default in accordance with the provisions of the lease; and it is further,

Ordered that the appeal from so much of the order dated January 3, 2012, as denied that branch of the defendant's motion which was for leave to renew that branch of its prior motion which was to dismiss, as untimely, those portions of the first cause of action which sought a judgment declaring that paragraph 3.01 (c) of the lease, providing the formula for determining basic rental adjustments, is ambiguous, and that the proper formula to use is the formula submitted by the plaintiffs, is dismissed as academic in light of our determination on the appeal from the order dated August 11, 2011; and it further,

Ordered that one bill of costs is awarded to the defendant.

This is an action for a judgment declaring, inter alia, that the plaintiff tenants are in compliance with the terms of a lease (hereinafter the Lease) with respect to the payment of rent. The plaintiffs commenced this action after being served with notice that they were in default with respect to the payment of rent increases and tax and insurance payments from 2005 through 2010. In the first cause of action, the plaintiffs sought a judgment declaring, inter alia, that paragraph 3.01 (c) of the Lease, providing the formula for determining basic rental adjustments, is ambiguous, that the proper formula to use is the formula submitted by the plaintiffs, and that the defendant was not entitled, pursuant to paragraph 6.02 of the Lease, to terminate the Lease based on the plaintiffs' default with respect to the payment of rent and additional rent. As a second cause of action, the plaintiffs sought to reform the Lease, based upon mistake, to conform to the plaintiffs' method of calculation.

The defendant moved to dismiss the complaint based on a defense founded upon documentary evidence, the statute of limitations, and failure to state a cause of action. The Supreme Court granted the motion with respect to the second cause of action, determining that it accrued on January 4, 2001, the date that, pursuant to an assignment and assumption agreement with the original tenant, the plaintiffs assumed the tenant's obligations under the Lease. The Supreme Court concluded that, since the action was commenced in January 2011, the cause of action to reform the Lease, based upon mistake, was barred by the applicable six-year statute of limitations. However, the court determined that so much of the first cause of action as sought a judgment declaring that paragraph 3.01 (c) of the Lease, providing the formula for determining basic rental adjustments, was ambiguous, and that the proper formula to

use is the formula submitted by the plaintiffs, accrued on November 4, 2010, the date that the plaintiffs were served the first notice of default and acquired constructive knowledge of the defendant's method of calculating the rent escalation. Therefore, the court determined that this portion of the first cause of action, asserted in January 2011, was not barred by the applicable six-year statute of limitations. We agree with the defendant that this was error.

"In order to determine the Statute of Limitations applicable to a particular declaratory judgment action, the court must 'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought' " (*Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987], quoting *Solnick v Whalen*, 49 NY2d 224, 229 [1980]). "[I]f [an] action for a declaratory judgment could have been brought in a different form asserting a particular cause of action, the limitations period applicable to the particular cause of action will apply" (*Akhunov v 771620 Equities Corp.*, 78 AD3d 870, 871 [2010] [internal quotation marks omitted]; *see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201 [1994]; *Tornheim v Tornheim*, 67 AD3d 775, 777 [2009]; *Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d 585, 587 [2009]). Such statute of limitations period will apply " 'not only as to what the basic period is, but as to other relevant matters, such as moment of accrual (which starts the statute running) and the like' " (*Solnick v Whalen*, 49 NY2d at 230, quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:18 at 369-370 [1974 ed]).

Paragraph 3.01 (c) of the Lease provides that, at the commencement of the third year of the Lease, and for each Lease year thereafter, the basic rental will be adjusted in accordance with the following formula: "The Basic Rental for the prior year will be multiplied by a fraction the denominator of which shall be the [Consumer Price] Index Number *for the month the lease reaches its thirteenth (13th) month anniversary after commencement*, and the numerator of which shall be the Index Number for the month preceding the annual renewal date provided that any annual increase shall be the lesser of the CPI as defined herein or four (4%) percent" (emphasis added).

As part of their first cause of action, the plaintiffs sought a judgment declaring that the above section is ambiguous and that the proper formula to use is the formula submitted by the plaintiffs, as follows: "The Basic Rental for the prior year will be multiplied by a fraction the denominator of which shall be the Index Number *for the thirteen month* [sic] *preceding the an-*

*nual renewal date*, and the numerator of which shall be the Index Number for the month preceding the annual renewal date provided that any annual increase shall be the lesser of the CPI as defined herein or four (4%) percent" (emphasis added).

Although the complaint frames the issue as a dispute regarding conflicting interpretations of the Lease, the defendant applied the formula for computing the annual increases exactly as set forth in the Lease. The Supreme Court erred in finding that the substance of the first cause of action was essentially the same as the claim in *J.C. Penney Corp., Inc. v Carousel Ctr. Co., L.P.* (635 F Supp 2d 126 [ND NY 2008]), in which the parties disagreed as to the proper method of computing the rent escalations, and there was no issue of interpretation or reformation of the lease. The plaintiffs here are not seeking a different interpretation of ambiguous language. Rather, as in the second cause of action, they are seeking to replace the language of section 3.01 (c) with the language they assert best reflects the parties' intent. Accordingly, as the substance of this part of the first cause of action was, in effect, a claim to reform the Lease (*see Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193 [1987]; *Solnick v Whalen*, 49 NY2d 224 [1980]), the court should have applied the same accrual date to that part of the first cause of action as it did to the second cause of action, that is, January 4, 2001, the date on which the plaintiffs assumed the tenant's obligations under the Lease, and should have dismissed that part of the first cause of action as barred by the statute of limitations.

The Supreme Court also erred in denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1), in effect, for a judgment declaring that it was entitled, pursuant to paragraph 6.02 of the Lease, to terminate the Lease based on the plaintiffs' default with respect to the payment of rent and additional rent. In support of this branch of the motion, the defendant submitted the Lease.

"To succeed on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Sato Constr. Co., Inc. v 17 & 24 Corp.*, 92 AD3d 934, 935 [2012]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Jesmer v Retail Magic, Inc.*, 55 AD3d 171, 180 [2008]; *Prudential Wykagyl/Rittenberg Realty v Calabria-Maher*, 1 AD3d 422 [2003]).

"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties'

intent" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Dysal, Inc. v Hub Props. Trust*, 92 AD3d 826, 827 [2012]; *Willsey v Gjuraj*, 65 AD3d 1228, 1229-1230 [2009]; *Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]). "When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (*Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d at 861; *see Greenfield v Philles Records*, 98 NY2d at 569; *Dysal, Inc. v Hub Props. Trust*, 92 AD3d at 827; *Willsey v Gjuraj*, 65 AD3d at 1230).

Here, paragraphs 6.02 (a) and (b) of the Lease provided the defendant's remedies in the event of the plaintiff's default. While paragraph 6.02 (a) was to apply to "defaults in fulfilling any of the covenants of this Lease *other than the covenants for the payment of rent or additional rent*" (emphasis added), the same remedies are set forth in paragraph 6.02 (b), which applied "if Tenant shall make default in the payment of rent reserved herein or any item of additional rent herein mentioned." In both cases, the same procedure was to be followed: "[U]pon Owner serving a written fifteen (15) day notice upon Tenant specifying the nature of said default and upon the expiration of said fifteen (15) days, if Tenant shall have failed to comply with or remedy such default . . . *then Owner may serve a written five (5) day notice of cancellation of this Lease upon Tenant*" (emphasis added). In the case of default in the payment of rent or additional rent, section 6.02 (b) provided that "upon the expiration of said five days . . . Landlord may . . . re-enter the demised premises either by use of law, dispossess Tenant by legal proceedings or otherwise . . . and remove their effects and hold the premises as if this Lease has not been made, but with Tenant still being responsible for the rent as defined in this Lease Agreement." Thus, as argued by the defendant, paragraphs 6.02 (a) and (b) of the Lease provide a conditional limitation (*see Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 27 [1984]; *Lerner v Johnson*, 167 AD2d 372, 374 [1990]), pursuant to which the plaintiffs' failure to cure the default in payment within five days after receipt of the second notice of default triggers the defendant's right to terminate the Lease and take whatever legal steps it must to dispossess the plaintiffs of the premises. The construction and interpretation of these unambiguous paragraphs of the Lease was " 'an issue of law within the province of the court' " (*Maser Consulting, P.A. v Viola Park Realty, LLC*, 91 AD3d 836, 837 [2012], quoting *Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d at 861; *see*

*Katina, Inc. v Famiglietti*, 306 AD2d 440, 441 [2003]). Accordingly, based on the Lease, the Supreme Court should have granted that branch of the motion which was pursuant to CPLR 3211 (a) (1), in effect, for a judgment declaring that the defendant was entitled, pursuant to paragraph 6.02 of the Lease, to terminate the Lease based on the plaintiffs' default with respect to the payment of rent and additional rent.

In light of the above, the appeal from so much of the order dated January 3, 2012, as denied that branch of the defendant's motion which was for leave to renew that branch of its prior motion which was to dismiss, as untimely, those portions of the first cause of action which sought a judgment declaring that paragraph 3.01 (c) of the Lease, providing the formula for determining basic rental adjustments, is ambiguous, and that the proper formula to use is the formula submitted by the plaintiffs, has been rendered academic.

The defendant's remaining contentions are not properly before this Court, as they were raised for the first time on appeal in the defendant's reply brief (*see Boddie-Willis v Marziliano*, 78 AD3d 978, 979 [2010]; *Gartner v Unified Windows, Doors & Siding, Inc.*, 68 AD3d 815, 816 [2009]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that, the defendant is entitled, pursuant to section 6.02 (a) and (b) of the Lease, to terminate the Lease based on the plaintiffs' default with respect to the payment of rent and additional rent in the event the plaintiffs fail to cure the default in accordance with the provisions of the Lease (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Balkin, Chambers and Hall, JJ., concur. **[Prior Case History: 2011 NY Slip Op 32256(U).]**