In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated November 28, 2011, which, upon a decision of the same court dated October 21, 2011, granted the defendant’s motion to compel arbitration before a rabbinical court.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion is denied.
“When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties’ reasonable expectations” (Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp., 43 AD3d 860, 861 [2007]; see Correnti v Allstate Props., LLC, 38 AD3d 588, 590 [2007]). “ ‘Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms’ ” (United Mgt. Admin. & Mktg. Servs., Inc. v Interstate Natl. Dealer Servs., Inc., 102 *829 AD3d 766, 766 [2013], quoting Willsey v Gjuraj, 65 AD3d 1228, 1230 [2009] [internal quotation marks omitted]).
Under the circumstances of this case, the plaintiff complied with the terms of the parties’ settlement agreement and was therefore entitled to seek relief in the Supreme Court (see generally United Mgt. Admin. & Mktg. Servs., Inc. v Interstate Natl. Dealer Servs., Inc., 102 AD3d at 766; Willsey v Gjuraj, 65 AD3d at 1230; Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp., 43 AD3d at 861). Accordingly, the Supreme Court should have denied the defendant’s motion to compel arbitration before a rabbinical court.
The plaintiff’s remaining contentions either need not be reached in light of our determination, or are not properly before this Court. Rivera, J.E, Angiolillo, Chambers and Roman, JJ., concur.