■ CENTER FOR SCIENCE TEACHING AND LEARNING, Respondent-Appellant, v FREEPORT COMMUNITY DEVELOPMENT AGENCY, Appellant-Respondent. [36 NYS3d 677]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Sher, J.), entered June 30, 2014, which, upon a decision of the same court dated May 21, 2014, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $85,000, and the plaintiff cross-appeals from so much of the same judgment as failed to award it certain damages.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff, a not-for-profit organization, entered into a license agreement with the defendant under which the plaintiff was to be permitted to use certain premises owned by the defendant for the development of a museum. Part of the premises was occupied by nonparty Operation Splash, Inc. (hereinafter Operation Splash), also a not-for-profit organization, and was to remain so occupied during the term of the plaintiff's license. The defendant thereafter terminated the agreement prior to its expiration, and the plaintiff commenced this action, inter alia, to recover damages for breach of contract. After a nonjury trial, the trial court awarded the plaintiff damages representing out-of-pocket expenses and attorneys' fees, in the principal sum of $85,000.

Contrary to the defendant's contention, the plaintiff did not breach the license by failing to cooperate with Operation Splash. "When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract" (*Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]; *see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester*, 99 AD3d 998, 999 [2012]; *Dysal, Inc. v Hub Props.*

*Trust,* 92 AD3d 826, 827 [2012]). Here, the agreement contained one, unambiguous, provision concerning Operation Splash, which merely provided that Operation Splash could continue to utilize a certain area within the premises. The plaintiff had no greater obligation under the agreement to cooperate with Operation Splash than was necessary to effectuate this specific provision, and there was no evidence that the plaintiff interfered with Operation Splash's use of the designated area.

Contrary to the plaintiff's contention, the Supreme Court properly limited its proof on damages to out-of-pocket expenses and lost profits. The plaintiff has not identified any other specific item of monetary damage for which it could be compensated (*cf. American Baptist Churches of Metro. N.Y. v Galloway,* 271 AD2d 92, 98 [2000]), or identified any "reliable factors" upon which a measurement of the plaintiff's claimed damages for anything beyond the court's limitation could be made "without undue speculation" (*Ashland Mgt. v Janien,* 82 NY2d 395, 403 [1993]; *cf. Kenford Co. v County of Erie,* 67 NY2d 257, 262-263 [1986]).

The defendant's remaining contention is without merit. Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.