■ BEST METROPOLITAN TOWEL & LINEN SUPPLY CO., INC., Appellant, v FISKARDO ESTIATORIO, Respondent. [40 NYS3d 563]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), dated September 29, 2014, which, upon a decision of the same court dated January 13, 2014, made after a nonjury trial, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff is a linen service company and the defendant operates a restaurant in Manhattan. In November 2009, the parties entered into a five-year contract pursuant to which the plaintiff was to supply linens to the defendant's restaurant.

In March 2010, a dispute arose between the parties and the plaintiff commenced an action against the defendant, inter alia, to recover damages for breach of the November 2009 contract. Eventually, the parties reached an agreement to settle that prior action in July 2011. Pursuant to the terms of their settlement agreement, the defendant was required to pay the plaintiff the sum of $15,000, return all of the plaintiff's linens to it, and enter into a new three-year agreement.

The defendant executed a new three-year service agreement between it and the plaintiff on July 25, 2011. Service under this agreement was to begin on September 1, 2011. The agreement included a clause stating that "[i]f Customer breaches or terminates its agreement before the start of service, Customer will pay to Company, the sum of $2,500.00 to compensate Company for its startup cost." On August 2, 2011, the parties executed a stipulation of discontinuance of the prior action, with prejudice.

Prior to the commencement of service under the new service agreement, the defendant's president and vice president met with one of the plaintiff's sales representatives to place an order. During that meeting, the defendant's representatives expressed their disappointment that the plaintiff would be laundering the linens off site, rather than on the plaintiff's premises, because they had a problem with the cleanliness of linens laundered in that manner in the past. Before service was to begin, the defendant terminated the contract and paid the plaintiff the sum of $2,500 as provided for in the new service agreement.

The plaintiff then commenced this action, inter alia, to recover damages for fraud. The Supreme Court, after a nonjury trial, found in favor of the defendant and against the plaintiff, dismissing the complaint.

The Supreme Court correctly found in favor of the defendant, as the plaintiff did not prove by clear and convincing evidence that when the defendant signed the new service agreement, it "had no intention of carrying it out" (*Brown v Lockwood*, 76 AD2d 721, 732 [1980]; *see Fraga v Toshiba Am. Med. Sys.*, 298 AD2d 427, 427 [2002]). The only evidence presented by the plaintiff in support of its contention that the defendant never intended to perform pursuant to the new service agreement was that the defendant terminated the agreement before service began, which alone was insufficient for the plaintiff to meet its burden (*see Brown v Lockwood*, 76 AD2d at 732-733), and the testimony of its lawyer that it believed that the defendant never intended to perform under the new service agreement, which was pure speculation (*see Matter of Felder v Storobin*, 100 AD3d 11, 17 [2012]). Moreover, there was no evidence presented at trial to support the plaintiff's assertion that, since the defendant had a prior contract with another linen supplier that did not end until March 2012, the defendant was not free to enter into the new service agreement with it at the time the parties entered into the settlement agreement, and that the defendant's execution of the new service agreement therefore amounted to a misrepresentation of fact. Furthermore, the new service agreement, provided by the plaintiff to the defendant, was clear on its face that the defendant could terminate the agreement prior to the commencement of service upon paying the sum of $2,500, which it ultimately did (*see Hall v Paez*, 77 AD3d 620, 621 [2010]; *see also Center for Science Teaching & Learning v Freeport Community Dev. Agency*, 142 AD3d 573 [2016]). Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.