■ LILLIAN HARGETT, Respondent, v JAMES HARGETT, Appellant. [680 NYS2d 526] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered September 19, 1997, which denied defendant's motion to set aside the parties' stipulation of settlement, unanimously affirmed, without costs.

The parties obtained a judgment of divorce in the State of Georgia in 1991. Thereafter, plaintiff, having reserved the right to do so, commenced the present action for equitable distribution of the marital property. Although the parties purported to settle the action by entering, in open court, into an oral stipulation of settlement, which stipulation was then so-ordered, defendant has moved to set aside the stipulation on the ground that it was not "in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded" in accordance with Domestic Relations Law § 236 (B) (3). However, the cited statute, by its terms, applies only to agreements "made before or during the marriage" and, accordingly, does not apply to agreements such as the subject stipulation made under judicial supervision (*see*, CPLR 2104) in the context of post-marital litigation over financial issues surviving the parties' judgment of divorce (*see*, *Sanders v Copley*, 151 AD2d 350, 351-352; *cf.*, *Matisoff v Dobi*, 90 NY2d 127). We have considered defendant's remaining contentions and find them to be unavailing. Concur—Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.