■ HARRY ANDERSEN, Appellant, v DIANE ANDERSEN, Respondent. [892 NYS2d 553]—

The plaintiff former husband and the defendant former wife divorced after 30 years of marriage. To settle their matrimonial action, they signed a stipulation of settlement, section 14 thereof providing for the equitable distribution of marital property. Section 14 (a) of the stipulation provided that "[a]ll of the personalty in the possession of the Husband, including bank accounts, Bonds, and/or Individual Retirement Accounts, Annuity contracts, *any pension rights he may have, now or in the future*, his personal effects and clothing, *shall be deemed the Husband's property*, pursuant to a distribution of marital property and/or designation of separate property" (emphasis added). However, section 14 (f) thereof provided that "[a]ll pension rights that the husband has acquired with the Port Washington School

District, including any defined benefit plan, 457K, or separate annuity, during the marriage are to be divided equally by a Qualified Domestic Relations Order, to be prepared by the wife's attorney, pursuant to the 'Maj[a]uskas' formula."

The plaintiff brought this action, inter alia, to declare section 14 (f) null and void, arguing that it was in conflict with section 14 (a) and that he did not intend for his pension to be considered in the division of marital property. After a hearing, the Supreme Court found that section 14 (f) of the agreement should remain in full force and effect. The judgment appealed from declared that section 14 (f) of the stipulation of settlement remains in full force and effect as an accurate reflection of the parties' intent. The plaintiff appeals from so much of the judgment as made this declaration.

A stipulation of settlement which is incorporated but not merged into a judgment of divorce retains the character of an independent contract and survives as a basis for suit (see *Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Frydman v Frydman*, 32 AD3d 455 [2006]; *Douglas v Douglas*, 7 AD3d 481, 482 [2004]). As such, it is a subject to general principles of contract construction (see *Matter of Meccico v Meccico*, 76 NY2d 822 [1990]; *see also Malleolo v Malleolo*, 287 AD2d 603 [2001]; *Matter of Jenkins v Jenkins*, 260 AD2d 380 [1999]). Where there is an inconsistency between a specific provision and a general provision of a contract, the specific provision controls (see *Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42, 46 [1956]; *Warshof v Rochester Community Sav. Bank*, 286 AD2d 920, 922 [2001]; *Sumitomo Bank of N.Y. Trust Co. v Town of N. Hempstead*, 278 AD2d 402, 404 [2000]; *Aguirre v City of New York*, 214 AD2d 692, 693 [1995]).

Here, the Supreme Court properly found that section 14 (a) of the stipulation was a general provision, while section 14 (f) was a specific provision, which accurately reflected the parties' intent, and therefore, remained in full force and effect. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.