◼ JUDITH ANN FISHBEIN, Now Known as JUDITH ANN LARKIN, Respondent, v PETER MICHAEL FISHBEIN, Appellant. [902 NYS2d 103]—In a matrimonial action in which the parties were divorced by judgment dated October 22, 1990, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohen, J.), dated March 30, 2009, which, upon a decision of the same court dated September 29, 2008, granted the plaintiff's motion for, inter alia, child support, child support arrears, college education expenses, and award of counsel fees.

Ordered that the order is affirmed, with costs.

The parties are former husband and wife who entered into a comprehensive stipulation of settlement in 1990 (hereinafter the 1990 agreement) which was thereafter incorporated but not merged into a judgment of divorce. In 2003 the plaintiff moved, inter alia, to recover child support arrears and for an upward modification in child support. This was settled by stipulation between the parties which was placed upon the record in open court (hereinafter the 2003 modification).

A stipulation of settlement is a contract subject to the principles of contract construction and interpretation (*see Matter of Meccico v Meccico*, 76 NY2d 822 [1990]). Where the agreement's language is clear and unambiguous, the court

should determine the intent of the parties based on that language without resorting to extrinsic evidence (*see Matter of Kurzon v Kurzon*, 246 AD2d 693 [1998]). Contrary to the defendant's contention, the Supreme Court properly concluded that the 1990 agreement, as modified by the 2003 modification, required him to pay the sum of $1,025 in child support for the parties' youngest child for every month until the child was emancipated. The court also properly concluded that the defendant was responsible for his pro rata share, as set forth in 2003 modification, of the child's "college fees" (*see generally Matter of Sebastiani v Locatelli*, 11 AD3d 701 [2004]; *Matter of Dzierson v Dzierson*, 173 Misc 2d 490 [1997]). Finally, the Supreme Court did not improvidently exercise its discretion in awarding counsel fees to the plaintiff (*see* Domestic Relations Law § 238).

The plaintiff's contention that this appeal had been rendered academic is without merit (*cf. Samuel v Samuel*, 69 AD3d 835 [2010]). Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.