■ DIANE GIRGENTI, Appellant, v ALBERT GIRGENTI, Respondent. [917 NYS2d 258]—

In an action for a divorce and ancillary relief, the plaintiff ap-

peals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Driscoll, J.), entered December 22, 2009, as, after a nonjury trial, failed to award her (1) a distributive share of four parcels of real property acquired by the defendant during the marriage, (2) a distributive share of $320,000 withdrawn by the defendant from a home equity line of credit after the commencement of the action, (3) a distributive share of $424,925 withdrawn by the defendant from his life insurance policy after the commencement of the action, (4) a distributive share of a tax refund for the year 2005, and (5) tax-free maintenance.

Ordered that the judgment is modified, on the law and the facts, (1) by adding a provision thereto awarding the plaintiff the sum of $3,894,227.50, representing 50% of the value of the four parcels of real property acquired by the defendant during the marriage, (2) by adding a provision thereto awarding the plaintiff the sum of $160,000, representing her share of the proceeds of a home equity loan obtained by the defendant after the commencement of the action, (3) by adding a provision thereto awarding the plaintiff the sum of $212,462.50, representing her share of the proceeds of a life insurance policy withdrawn by the defendant after the commencement of the action, and (4) by adding a provision thereto awarding the plaintiff the sum of $185,759.65, representing her share of the proceeds of a tax refund for the year 2005; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a recalculation of maintenance, if warranted, and thereafter, for the entry of an appropriate amended judgment.

The parties were married on October 21, 1989. They have three children born in 1992, 1995, and 1998.

At the time of the marriage, the defendant (hereinafter the husband) was the sole owner of AVA Pork Products, Inc. (hereinafter AVA), a company which distributed meat. Over the years, the husband's business grew. By 2005, the year this action was commenced, he owned several companies bearing the AVA name. At the time of the marriage, the plaintiff (hereinafter the wife) worked as a substitute teacher. Approximately one year later she obtained a full-time teaching position. However, she stopped working in December 1991, shortly before the birth of the parties' first child. Since that time, her teaching license has expired.

During the marriage, the husband acquired four parcels of real property and placed them under the ownership of several separate corporate entities in which he was the sole shareholder. He sold two of those parcels in 2007, for $535,000 and $300,000,

respectively. His corporations continue to own the other two parcels and lease them out. They have been appraised at $2,050,000 and $5,900,000.

The wife commenced this action for a divorce and ancillary relief on November 18, 2005. Prior to the trial, the parties stipulated as to the prices of the parcels which had been sold, as well as to the appraised value of the other two parcels. They also stipulated that, after the commencement of the divorce action, the husband withdrew the sums of $320,000 from the home equity line of credit account (hereinafter the HELOC) and $424,925 from his life insurance policy. Furthermore, the parties stipulated that the wife's position at trial regarding distribution of the husband's business would be that "the value of the AVA business should not be separately distributed," as she was seeking maintenance.

After a two-day hearing, the parties were divorced by judgment entered December 22, 2009. The Supreme Court found that the four parcels of real property acquired by the husband during the marriage were not marital property, but were part of the AVA business, and, since the wife had waived her interest in the husband's business, she was not entitled to distribution of these assets. The Supreme Court also found that the money withdrawn from the HELOC and the life insurance policy was subsequently put into the business and, thus, the wife had no claim to these amounts. The wife was awarded, inter alia, 50% of the proceeds from the sale of the marital residence, and approximately $158,223 in cash, retirement accounts, and proceeds from the life insurance policy. She also was awarded maintenance in the sums of $20,000 per month for seven years and $10,000 per month thereafter for four years.

A stipulation entered into by spouses in contemplation of divorce is a contract subject to general principles of contract construction (see Matter of Meccico v Meccico, 76 NY2d 822 [1990]; Malleolo v Malleolo, 287 AD2d 603 [2001]; Matter of Jenkins v Jenkins, 260 AD2d 380 [1999]; Iacobacci v McAleavey, 222 AD2d 406 [1995]). Where possible, a contract should be interpreted to avoid inconsistencies and to give meaning to all of its provisions, giving a practical and reasonable interpretation to the language employed and the parties' reasonable expectations with respect thereto (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; see also Slamow v Del Col, 174 AD2d 725 [1991], affd 79 NY2d 1016 [1992]). The stipulation should be read as a whole to determine its purpose and intent (see Gomes v Gomes, 303 AD2d 454, 455 [2003]).

Here, the Supreme Court erred in determining that, in the

stipulation of facts, the parties intended that the four parcels of real property acquired by the husband during the marriage were part of the AVA business. If the parties had intended that the four parcels of real property should not be distributed to the wife, there would have been no need for them to stipulate as to their respective value. Moreover, had the parties intended to exempt the four parcels from equitable distribution, they could have explicitly said so, just as they had done with regard to the husband's business. Therefore, the wife is entitled to 50% of the proceeds of the two parcels that were sold by the husband, and 50% of the appraised value of the properties currently owned by the husband. This amount includes 50% of the proceeds of a mortgage which the husband took out on one of the parcels after the commencement of this action.

The wife correctly contends that she is entitled to 50% of the amount that the husband withdrew from the home equity line of credit after the commencement of this action (*see Abrams v Abrams*, 57 AD3d 809, 810 [2008]) and 50% of the amount that the husband withdrew from his life insurance policy (*see Wortman v Wortman*, 11 AD3d 604, 607 [2004]).

Since this matrimonial action was commenced on November 18, 2005, $371,519.30 of the 2005 federal and state income tax refunds should have been deemed marital property (*see Lueker v Lueker*, 72 AD3d 655, 657 [2010]).

The award of maintenance was properly made taxable to the wife and tax deductible for the husband because no rationale exists "for a departure from the norm envisioned by current Internal Revenue Code provisions" (*Grumet v Grumet*, 37 AD3d 534, 536 [2007]; *see also Markopoulos v Markopoulos*, 274 AD2d 457, 459 [2000]).

In light of our determination as to equitable distribution, the wife's maintenance award may have to be recalculated. We take no position on this issue. Dillon, J.P., Florio, Dickerson and Hall, JJ., concur.