■ In the Matter of ROCCO TAMMONE, Appellant, v ANNE MARIE TAMMONE, Respondent. [943 NYS2d 154]—

In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Bivona, J.), entered March 7, 2011, which granted the mother's objections to an order of the same court (Braxton, S.M.), dated October 26, 2010, which, after a hearing, granted that branch of the father's petition which was to require the mother to pay a share of the college expenses for the parties' older child, and thereupon vacated the order dated October 26, 2010.

Ordered that the order entered March 7, 2011, is reversed, on the law and the facts, with costs, the mother's objections to the order dated October 26, 2010, are denied, and the order dated October 26, 2010, is reinstated.

The Family Court improperly granted the mother's objections to an order dated October 26, 2010, which granted that branch of the father's petition which was to require the mother to pay a share of the college expenses for the parties' older child pursuant to the parties' separation agreement.

Article VII section B of the parties' separation agreement provides in relevant part that the parties "shall be obligated to pay for each child's undergraduate education consisting of four years of undergraduate schooling in proportion to each party's income at the time each child attends college so long as the child pursues said education on a full time, continuous basis with the reasonable diligence calculated to obtain grades commensurate with the child's ability," and that the children's colleges "shall be chosen with the consultation and consideration of their parents [sic] wishes and financial condition," but that "[i]rrespective of the parties [sic] incomes at the time the children attend college, neither party shall pay more than 60% of the above college expenses" after the exhaustion of funds in certain bank accounts and the funds in the father's life insurance policy.

Here, the mother admitted that she was consulted at the time the parties' oldest child selected her four-year undergraduate college, but she contended that the father did not comply with the obligation to consult her regarding the selection of the child's school for her second year of college and, therefore, that her obligation to pay her share of the college expenses never arose (see Pollack v Pollack, 276 AD2d 613 [2000]; Matter of Citera v D'Amico, 251 AD2d 662 [1998]; see generally Matter of Scala v Wilkens, 69 AD3d 948 [2010]; Matter of Sebastiani v Locatelli, 11 AD3d 701 [2004]). The father admitted that he

never consulted the mother regarding the subject child's continued attendance at High Point University for the 2010-2011 academic year, i.e., her second year at this four-year university, contending he had no obligation to do so under the separation agreement. We agree with the father.

A stipulation of settlement is a contract subject to the principles of contract construction and interpretation (*see Matter of Meccico v Meccico*, 76 NY2d 822 [1990]; *Girgenti v Girgenti*, 81 AD3d 886 [2011]; *Fishbein v Fishbein*, 72 AD3d 1021 [2010]; *Andersen v Andersen*, 69 AD3d 773 [2010]). Accordingly, "[w]here the agreement's language is clear and unambiguous, the court should determine the intent of the parties based on that language without resorting to extrinsic evidence" (*Fishbein v Fishbein*, 72 AD3d at 1021-1022). Here, the separation agreement did not provide that the mother was to be consulted regarding the subject child's choice of school on a yearly basis. Such an interpretation would effectively add a term to the separation agreement that did not exist under the guise of contractual interpretation (*see Lobacz v Lobacz*, 72 AD3d 653 [2010]; *Cohen-Davidson v Davidson*, 291 AD2d 474 [2002]). " '[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing' " (*Willsey v Gjuraj*, 65 AD3d 1228, 1230 [2009], quoting *Henrich v Phazar Antenna Corp.*, 33 AD3d 864, 867 [2006]; *see Lobacz v Lobacz*, 72 AD3d at 654).

To the extent the Family Court determined that the parties orally modified the separation agreement, or that the father waived rights thereunder, those determinations were incorrect. The Family Court did not have jurisdiction to make a declaration as to the validity of an alleged oral modification of a separation agreement (*see Gottlieb v Gottlieb*, 294 AD2d 537, 538 [2002]). Moreover, even if the mother had sought an order modifying her support obligations, and even if the Family Court had jurisdiction to grant such relief, the mother made no showing that an unanticipated and unreasonable change in circumstances had occurred since the parties entered into the separation agreement (*see Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]; *Nelson v Nelson*, 75 AD3d 593, 594 [2010]). Furthermore, the father did not waive any rights provided under the separation agreement, since "waiver is not created by negligence, oversight or thoughtlessness, and cannot be inferred from mere silence" (*Peck v Peck*, 232 AD2d 540, 540 [1996]; *see Haberman v Haberman*, 216 AD2d 525 [1995]). In any event, the separation agreement in this case included a "no waiver" clause which

required a written stipulation to alter its terms (*see Kendall v Kendall*, 44 AD3d 827, 829 [2007]; *DeCapua v Dine-A-Mate, Inc.*, 292 AD2d 489, 491 [2002]).

The mother's remaining contentions are without merit. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.