■ ALLAN COHEN, Respondent, v JOAN COHEN, Appellant. [18 NYS3d 385]—Appeals from (1) a judgment of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated October 29, 2007, and (2) an order of that court dated October 30, 2007, as amended December 3, 2007. The judgment, insofar as appealed from, upon a decision of the same court dated May 22, 2007, made after a nonjury trial, inter alia, awarded the defendant only a 25% share of the plaintiff's interest in his law firm, directed that postjudgment interest be computed at a rate of only 5% per annum, failed to award the defendant a credit for 50% of the marital portion of the parties' tax refund for tax year 2001, failed to award the defendant a credit for 50% of the funds removed by the plaintiff from a joint account of the parties during the pendency of this action, and failed to award the

defendant a credit for 50% of the balance in a certain bank account the plaintiff maintained. The order, as amended, insofar as appealed from, granted the defendant's application for an award of an attorney's fee only to the extent of awarding her $50,000 in attorney's fees.

Ordered that on the Court's own motion, the defendant's notice of appeal from so much of the order dated October 30, 2007, as amended December 3, 2007, as granted her application for an award of an attorney's fee only to the extent of awarding her $50,000 in attorney's fees is deemed to be an application for leave to appeal from that portion of the order, as amended, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting from decretal paragraph (iv) on pages 10 and 11 thereof the provision computing postjudgment interest at a rate of 5% per annum from the entry of the judgment of divorce, and substituting therefor a provision computing postjudgment interest at the statutory rate of 9% per annum from the entry of the judgment of divorce, (2) by adding a provision thereto awarding the defendant a credit in the sum of $10,586.42, representing 50% of the marital portion of the parties' tax refund for tax year 2001, (3) by adding a provision thereto awarding the defendant a credit in the sum of $25,000, representing 50% of the sum the plaintiff removed from a joint account of the parties during the pendency of this action, and (4) by adding a provision thereto awarding the defendant a credit in the sum of $21,302.58, representing 50% of the balance in a certain bank account the plaintiff maintained; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 30, 2007, as amended December 3, 2007, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in finding that the defendant was entitled to only a 25% share of the plaintiff's interest in his law firm (see Gordon v Gordon, 113 AD3d 654, 655 [2014]; Baron v Baron, 71 AD3d 807, 809 [2010]; Ciampa v Ciampa, 47 AD3d 745, 747 [2008]). Furthermore, the court did not err in calculating the value of the plaintiff's interest in his law firm. Nothing in the testimony of the court-appointed appraiser undermined the conclusions in his report as to the proper valuation of the plaintiff's interest in the firm (see Ventimiglia v Ventimiglia, 307 AD2d 993, 994

[2003]; *see also Xikis v Xikis*, 43 AD3d 1040, 1041-1042 [2007]). The court erred, however, in computing postjudgment interest on the defendant's share of the plaintiff's interest in his law firm at a rate of 5% per annum from the entry of the judgment of divorce. Unless otherwise provided by statute, interest on a judgment is to be calculated at the statutory rate of 9% per annum (*see* CPLR 5003, 5004; *Klein v Klein*, 296 AD2d 533, 534-535 [2002]; *Verdrager v Verdrager*, 230 AD2d 786, 787 [1996]; *see e.g. Rodriguez v New York City Hous. Auth.*, 91 NY2d 76, 79-80 [1997]; *see generally* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5003, 5004; Alan D. Scheinkman, New York Law of Domestic Relations § 14:85 at 852-853 [2d ed 11 West's NY Prac Series 2009]; *but see Powers v Wilson*, 56 AD3d 639, 641 [2008]; *Hamroff v Hamroff*, 35 AD3d 365, 366 [2006]). Here, no applicable statute authorizes interest on the judgment other than at the statutory rate (*cf. Rodriguez v New York City Hous. Auth.*, 91 NY2d at 79-80).

The Supreme Court erred in failing to award the defendant a 50% share of so much of the 2001 tax refund as constitutes marital property. The tax refund that year amounted to the sum of $23,763. Of that sum, $21,172.83 is marital property. Accordingly, the defendant is entitled to one half of that sum, which is $10,586.42 (*see Hymowitz v Hymowitz*, 119 AD3d 736, 742 [2014]; *Girgenti v Girgenti*, 81 AD3d 886, 889 [2011]; *Lueker v Lueker*, 72 AD3d 655, 657 [2010]).

The Supreme Court erred in failing to award the defendant a credit in the sum of $25,000, representing her one-half share of the $50,000 that the plaintiff removed from a joint account during the pendency of this action (*see Girgenti v Girgenti*, 81 AD3d at 889). Additionally, the defendant should have been awarded one half of the balance, as of December 31, 2001, of a bank account that the plaintiff opened soon after the commencement of this action. As of December 31, 2001, the balance in that account was $42,605.15. Thus, the defendant should have been awarded a credit in the sum of $21,302.58.

The defendant's remaining contentions are without merit. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.