Schaff v Schaff (2019 NY Slip Op 04215)





Schaff v Schaff


2019 NY Slip Op 04215


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-00537
 (Index No. 13945/05)

[*1]Yvette Schaff, appellant, 
v
Dennis Schaff, respondent.


Ray, Mitev & Associates, LLP, Miller Place, NY (Vesselin Mitev of counsel), for appellant.
Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Jason Isaacson and Michael Zhu of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated July 10, 2017. The order, in effect, granted that branch of the defendant's motion which was to amend the parties' judgment of divorce entered October 18, 2005, with respect to child support pursuant to the parties' modification agreements dated December 1, 2007, and September 4, 2008, respectively, and directed a conference and, thereafter, if necessary, a hearing, on the remaining branches of the defendant's motion and the plaintiff's cross motion, inter alia, for a determination of the defendant's child support arrears.
ORDERED that the appeal from so much of the order as directed a conference and, thereafter, if necessary, a hearing, on the remaining branches of the defendant's motion and the plaintiff's cross motion is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff and the defendant are the parents of three adult children. In 2004, the parties entered into a separation agreement, which was incorporated but not merged into the parties' judgment of divorce entered October 18, 2005, providing that the plaintiff would have residential custody of the parties' children and that the defendant would pay $446 per week in child support. The separation agreement provided that no modification or waiver of any of the terms thereof would be valid unless in writing and signed by both parties.
In December 2016, the defendant moved, inter alia, to modify the child support provisions of the judgment of divorce to reflect two modification agreements to the separation agreement. In support of his motion, the defendant submitted his affidavit in which he averred that the parties entered into two written modification agreements, one dated December 1, 2007 (hereinafter the 2007 writing), and one dated September 4, 2008 (hereinafter the 2008 writing), to modify their separation agreement. The defendant submitted copies of the 2007 writing and the 2008 writing, which he averred were signed by both parties. The 2007 writing provided that the defendant [*2]would have "residential" custody of the parties' daughter and their two sons would "remain residing" with the plaintiff. The 2007 writing also provided that, in light of the change of residential custody of their daughter, the new child support amount payable by the defendant to the plaintiff would be $1,256 per month. The 2008 writing provided, in part, that "[c]hild support will end effective immediately." The plaintiff opposed the defendant's motion, and cross-moved for, inter alia, a determination of the defendant's child support arrears.
By order dated July 10, 2017, the Supreme Court determined that the 2007 writing and the 2008 writing were enforceable modifications of the separation agreement and directed a conference, and, thereafter, if necessary, a hearing, to aid in the determination of the remaining issues in the defendant's motion and the plaintiff's cross motion. The plaintiff appeals.
So much of the order as directed a conference, and thereafter, if necessary, a hearing, did not dispose of any branches of the motion or the cross motion and did not affect a substantial right, and, therefore, is not appealable as of right (see CPLR 5701[a][2][v]; Sloboda v Sloboda, 24 AD3d 533, 534). Since leave to appeal from that part of the order has not been granted, the appeal from so much of the order as directed a conference and thereafter, if necessary, a hearing is dismissed.
Contrary to the plaintiff's contention, the defendant was not required to institute a plenary action, as he was seeking to enforce the terms of the parties' separation agreement, which he asserts were modified by the 2007 writing and the 2008 writing (see Campello v Alexandre, 155 AD3d 1381, 1382; Gavin v Catron, 35 AD3d 354, 355; Luisi v Luisi, 6 AD3d 398, 400; Taylor v Taylor, 251 AD2d 175, 175-176). The separation agreement was incorporated but not merged into their judgment of divorce, and the separation agreement permitted written modifications, signed by both parties. By the express terms of the judgment of divorce, the Supreme Court retained jurisdiction to enforce the terms of the separation agreement.
We agree with the Supreme Court's determination that the 2007 writing and the 2008 writing are enforceable modification agreements to the parties' separation agreement. Contrary to the plaintiff's contentions, because the parties were no longer married at the time of the execution of the 2007 writing and the 2008 writing, those agreements did not need certificates of acknowledgment in order to be enforceable (see Domestic Relations Law § 236[B][3]; Penrose v Penrose, 17 AD3d 847, 848; Hargett v Hargett, 256 AD2d 50, 50).
A separation agreement is a contract subject to the principles of contract construction and interpretation (see Matter of Meccico v Meccico, 76 NY2d 822, 823-824; Matter of Tammone v Tammone, 94 AD3d 1131, 1133; Fishbein v Fishbein, 72 AD3d 1021, 1021). Accordingly, where the language of the agreement is clear and unambiguous, the court should determine the intent of the parties based on that language without resorting to extrinsic evidence (see Matter of Tammone v Tammone, 94 AD3d at 1133; Fishbein v Fishnein, 72 AD3d at 1021-1022). Here, the 2007 writing and the 2008 writing are unambiguous (see Matter of Meccico v Meccico, 76 NY2d at 823-824; Fishbein v Fishbein, 72 AD3d at 1021-1022; Kosnac v Kosnac, 60 AD3d 636, 637; Winski v Russo Kane, 33 AD3d 697, 698). Accordingly, the Supreme Court was not required to conduct a hearing and we agree with the court's determination that the 2007 writing and the 2008 writing are enforceable (see Schron v Troutman Sanders LLP, 20 NY3d 430, 436; cf. Salinger v Salinger, 125 AD3d 747, 749).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court