Matter of Josefina O. v Francisco P. (2023 NY Slip Op 01031)

Matter of Josefina O. v Francisco P.

2023 NY Slip Op 01031

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

533096 
[*1]In the Matter of Josefina O., Respondent,
v
Francisco P., Appellant.

Calendar Date:January 10, 2023 

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Teresa C. Mulliken, Harpersfield, for appellant.
Larisa Obolensky, Delhi, for respondent.
Vicki J. Prager, Northville, attorney for the children.

Fisher, J.
(1) Appeal from an order of the Family Court of Montgomery County (Philip V. Cortese, J.), entered February 10, 2021, which, in a proceeding pursuant to Family Ct Act article 8, granted petitioner's motion for an order of child support, and (2) motion for permission to appeal.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the separated parents of five children (born in 2007, 2010, 2015 and 2017). By an order of support on consent entered in August 2019, the father agreed to pay the mother a weekly sum of child support and spousal support.[FN1] In December 2020, the mother filed the instant family offense petition against the father on several grounds, including harassment and assault. A month later, in January 2021, the mother commenced a divorce action and, in the context of this proceeding, the mother moved, via order to show cause, for temporary child support and for the recoupment of federal stimulus payments received by the father for the benefit of the children. The attorney for the children (hereinafter AFC) supported the motion, which was opposed by the father. Family Court granted the mother's motion under the guise of its authority "to issue a temporary order for child support . . . within a family offense proceeding" pursuant to Family Ct Act § 828 (4), and ordered that the father pay the mother a lump sum of money representing the children's share of the federal stimulus funds that he received. Family Court did not otherwise modify the existing order of child support from August 2019. The father appeals.
Initially, the father filed a notice of appeal and subsequently moved for permission to appeal. This Court withheld decision on the motion and directed that it be decided together with the appeal. Upon review, we conclude that the father's motion for permission to appeal should be denied as unnecessary. "An appeal may be taken as of right from any order of disposition" (Family Ct Act § 1112 [a]). It has long been held that "an order of disposition is synonymous with a final order or judgment" (Matter of Freihofer v Freihofer, 104 AD2d 92, 94 [3d Dept 1984]; see Rizzo v Rizzo, 31 AD2d 1001, 1001 [3d Dept 1969]). The order appealed from was final with respect to the mother's motion for recoupment of federal stimulus payments, which was separate from the relief sought in the underlying family offense petition, so that the father had a right to appeal this order even though the order was not final with respect to the petition (see Staley v Staley, 134 AD2d 911, 911 [4th Dept 1987]; see also Matter of Santander Consumer USA, Inc. v Autorama Enters., Inc., 205 AD3d 1116, 1117 [3d Dept 2022]). Further, by virtue of the terms of the subsequent stipulation to resolve the family offense petition, it is evident that the parties and Family Court also treated this order separate from the remaining allegations contained in the family offense petition.
Turning to the merits, the father argues that the federal stimulus [*2]payments are subject to equitable distribution and, therefore, Family Court did not have jurisdiction to direct him to remit them to the mother. We agree. "Family Court is a court of limited jurisdiction that cannot exercise powers beyond those granted to it by statute" (see Matter of Donald QQ. v Stephanie RR., 198 AD3d 1155, 1156 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Lisa T. v King E.T., 30 NY3d 548, 551 [2017]). In response to the global pandemic, Congress enacted several economic stimulus payments which created advance refunds of tax credits. As relevant here, the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (see 26 USC § 6428, as added by Pub L 116-136, 134 Stat 281, 335-337 [2020]) provided eligible individuals an "advance refund amount" of the applicable tax credit of $500 for each qualifying child (26 USC § 6428 [a] [2]; [f]). Thereafter, eligible individuals were entitled to an additional "advance refund" of the applicable tax credit of $600 for each qualifying child under the Tax Relief Act of 2020 (26 USC § 6428A [a] [2]; [f], as added by Pub L 116-260, 134 Stat 1182, 1965-1971).[FN2]
Contrary to the mother's and the AFC's contentions, these federal stimulus payments were not paid "for the benefit of the minor children," but they were the parties' advance refund for a tax credit earned pursuant to their last tax return, which was jointly filed, and which was partially measured by the number of children the tax filers had listed as dependents (see 26 USC §§ 6428 [a], [f]; 6428A [a], [f]). Generally, a tax refund is marital property and subject to equitable distribution by Supreme Court (see generally Cohen v Cohen, 132 AD3d 627, 629 [2d Dept 2015]). Although, within the context of a family offense petition, Family Court may issue an order for temporary child support (see Family Ct Act § 828 [4]), and there could be appropriate circumstances where a party's tax refund may be seized to satisfy child support obligations (see Matter of Chemung County Support Collection Unit v Greenfield, 109 AD3d 4, 5-6 [3d Dept 2013]), those circumstances are not present here.
Rather, there are no allegations in the record that the father was delinquent in his child support obligations. Nor did the mother file a petition seeking modification of the August 2019 child support order that had been established roughly 17 months before the filing of the order to show cause, which was filed within days of the mother's commencement of the divorce action. To that extent, Family Court did not modify or otherwise engage in an analysis relating to modifying the existing order of child support. Moreover, Family Court's well-intentioned order lacked the necessary requirements of an order for temporary support (see generally Family Ct Act § 440), and further did not comply with the relevant statute's requirement to advise the mother regarding services of the support collection unit (see Family Ct Act § 828 [4])[*3]— which had already been collecting the father's regular payments. Nor does the order satisfy the purpose of temporary child support (see generally Winnie v Winnie, 199 AD3d 1258, 1259 [3d Dept 2021]), particularly when further considering the legislative intent behind Family Ct Act § 828 (4), which was enacted as part of the Family Protection and Domestic Violence Intervention Act of 1994 (see Senate Introducer's Mem in Support, Bill Jacket, L 1994, ch 222 at 16, 24). Accordingly, under the circumstances of this case, it was an error to order the father to remit these advance tax refunds to the mother under the guise of a temporary order of child support (see Matter of Bashir v Brunner, 169 AD3d 1382, 1384 [4th Dept 2019]). We have examined the parties' remaining contentions and have found them to be lacking merit or rendered academic.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petitioner's motion by order to show cause denied.
ORDERED that the motion is denied, without costs.

Footnotes

Footnote 1: The father agreed to pay more than double his pro rata share of child support, as calculated by the Support Magistrate.

Footnote 2: Each qualified individual was also provided an advance refund amount (see 26 USC § 6428 [a] [1]; 6428A [a] [1]). Although the father received the mother's share, Family Court found that ownership of the mother's share was an issue for Supreme Court.