Ricky SS. v Christine SS. (2025 NY Slip Op 04602)

Ricky SS. v Christine SS.

2025 NY Slip Op 04602

Decided on August 7, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 7, 2025

534953
[*1]Ricky SS., Appellant,
v
Christine SS., Defendant.

Calendar Date:April 28, 2025

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Ricky SS., Endicott, appellant pro se.
Susan B. McNeil, Slaterville Springs, attorney for the child.
Pamela Doyle Gee, Big Flats, attorney for the child.

Clark, J.
Appeals (1) from an order of the Supreme Court (Richard Rich Jr., J.), entered December 20, 2021 in Broome County, which, among other things, modified a prior order of custody, and (2) from a judgment of said court, entered August 10, 2023 in Broome County, granting, among other things, plaintiff a divorce, upon a decision of the court.
Plaintiff (hereinafter the father) and defendant (hereinafter the mother) have three children (born in 2005, 2009 and 2010). The parties were married in 2006 and separated by the beginning of 2017. Soon thereafter, they agreed to share legal custody of the children, with the father having primary physical custody and the mother having specified periods of parenting time; the parties' agreement was reduced to a custody order entered on consent. The father commenced a divorce action in 2019, but before he filed a request for judicial intervention, the parties filed several Family Court petitions against one another. More specifically, starting in June 2020, the mother and the father filed petitions to modify and enforce the prior order of custody and parenting time, as well as family offense petitions seeking the issuance of orders of protection against each other. As a result of the allegations contained therein, Family Court ordered the Broome County Department of Social Services to conduct an investigation pursuant to Family Ct Act § 1034. The court also issued a temporary order granting the mother primary physical custody of the subject children and granting the father supervised parenting time at least once per week; during the pendency of the proceedings, the court amended the order to increase the father's weekly parenting time.
In December 2020, a fact-finding hearing began in Family Court. In June 2021, following the fourth day of that hearing, the parties stipulated to have those matters consolidated with the divorce action, including continuing the hearing in Supreme Court, with the same judge presiding in his capacity as Acting Justice of the Supreme Court. Following the conclusion of the seven-day hearing and a Lincoln hearing, Supreme Court issued an order finding that the best interests of the subject children would be served by granting the mother sole legal and primary physical custody and granting the father parenting time three times per week. The parties narrowed the issues relating to the matrimonial action and proceeded to a single-day trial. In January 2023, Supreme Court issued an order granting the father's request to dissolve the parties' marriage and granting the mother's request for child support, among other things. Thereafter, the court entered a judgment of divorce incorporating, but not merging, the terms of the December 2021 and January 2023 orders. The father appeals from the December 2021 custody order and the judgment of divorce.[FN1]
The father's argument that Supreme Court improperly consolidated the Family Court petitions with the matrimonial action is not reviewable on appeal, as [*2]the father cannot be said to be aggrieved by an order to which he consented, and he failed to move to vacate said consolidation order (see CPLR 5511; Matter of Stopper v Stopper, 145 AD3d 1329, 1330 [3d Dept 2016]; Matter of Gabrielle S. [Reberick T.], 105 AD3d 1098, 1098-1099 [3d Dept 2013]). The father contends that Supreme Court's order determining the issues of custody and parenting time is unsupported by a sound and substantial basis in the record.[FN2] "A parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child[ren]" (Matter of Nicole B. v Franklin A., 210 AD3d 1351, 1353 [3d Dept 2022] [internal quotation marks and citations omitted], lv dismissed 39 NY3d 1092 [2023]; see Matter of Debra YY. v Michael XX., 234 AD3d 1021, 1022 [3d Dept 2025]). Once that threshold burden has been met, the court is tasked with crafting a custodial arrangement that serves the children's best interests, which "requires consideration of, among other factors, the quality of the home environments of each parent, the need for stability in the child[ren]'s li[ves], the degree to which each parent has complied with the existing custodial arrangement and whether he or she will promote a positive relationship between the child[ren] and the other parent, as well as each parent's past performance and ability to provide for the child[ren]'s physical, emotional and intellectual well-being" (Matter of Samantha E. v Nicholas F., 233 AD3d 1295, 1296 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Sarah I. v Ian J., 233 AD3d 1334, 1335 [3d Dept 2024], lv denied 43 NY3d 904 [2025]). Ultimately, Supreme Court "has broad discretion in fashioning a parenting schedule that is in the best interests of the children, and it is well settled that the court's findings in this regard are entitled to great deference unless they lack a sound and substantial basis in the record" (Matter of Michelle EE. v John EE., 235 AD3d 1121, 1123 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of Richard CC. v Lacey DD., 230 AD3d 1389, 1391 [3d Dept 2024]).
Although Supreme Court failed to make an express finding regarding change in circumstances, our factual review power is just as broad, allowing us to review the record and make an independent determination (see Matter of Joshua PP. v Danielle PP., 205 AD3d 1153, 1155 [3d Dept 2022], lv denied 39 NY3d 901 [2022]). Here, the record reflects a clear breakdown in the parents' relationship such that their ability to communicate for their children's well-being was hindered, thus establishing the requisite change in circumstances (see Matter of Laura E. v John D., 216 AD3d 1274, 1276 [3d Dept 2023]; Matter of Thomas FF. v Jennifer GG., 143 AD3d 1207, 1208 [3d Dept 2016]). At times, the mother and the [*3]father each failed to encourage the children's relationships with the other parent, and the court admonished both of them for such conduct. However, the father's pattern of interference demonstrated, as the court found, that he viewed the children's ability to spend time with the mother as a privilege and not a right. He also took an overly rigid approach to parenting, prioritizing his desire for the children to achieve academic excellence while disregarding the harm that this pressure, and his overall conduct, caused to the children's mental health and emotional well-being. Such behavior caused the children to pull away from the father and become increasingly resistant to spending time with him. Contrary to the father's assertion, the children's out-of-court statements about his harmful conduct were sufficiently corroborated by photographic evidence, by text message exchanges between the parents and by the testimony of the father's mental health counselor (see Family Ct Act § 1046 [a] [vi]; Matter of David JJ. v Tara KK., ___ AD3d ___, ___, 235 NYS3d 544, 548 [3d Dept 2025]; Matter of Sarah QQ. v Raymond PP., 210 AD3d 1321, 1323 [3d Dept 2022]). By contrast, the mother provided a more nurturing environment by, among other things, ensuring that the children were engaged in mental health counseling. Deferring to Supreme Court's credibility determinations and recognizing its broad discretion to craft a custodial arrangement that serves the best interests of the children, we find that the order granting the mother sole legal custody and primary physical custody of the subject children is supported by a sound and substantial basis in the record (see Matter of Laura E. v John D., 216 AD3d at 1276-1277; Matter of Adam E. v Heather F., 151 AD3d 1212, 1213-1214 [3d Dept 2017]; Matter of Bartlett v Jackson, 47 AD3d 1076, 1078 [3d Dept 2008], lv denied 10 NY3d 707 [2008]; see also Matter of Gabrielle Q. v James R., 233 AD3d 1407, 1409-1410 [3d Dept 2024]).
The father's procedural arguments relating to the fact-finding hearing on the custody portion of this case do not require extended discussion. Although the parties initially discussed — and apparently agreed to — having the children and the parents undergo a forensic psychological evaluation, the parties failed to submit a formal motion as directed. In any case, we discern no abuse of discretion in Supreme Court's failure to order said evaluation, as the relevant issues were sufficiently explored through extensive testimony and a plethora of exhibits, and the court conducted a Lincoln hearing with the subject children (see Family Ct Act § 251 [a]; Matter of Kelly AA. v Christopher AA., ___ AD3d ___, ___, 235 NYS3d 552, 557 [3d Dept 2025]; Matter of Pedro C. v Michelle R., 220 AD3d 561, 562 [1st Dept 2023]). Supreme Court also did not abuse its discretion in holding a Lincoln hearing in the context of its custody and parenting time determinations, as this is the preferred method for ascertaining the children's [*4]wishes, especially given their ages at the time (see Matter of Samantha WW. v Malek XX., 217 AD3d 1081, 1083 [3d Dept 2023]; Matter of Gerber v Gerber, 133 AD3d 1133, 1135 n 6 [3d Dept 2015], lv denied 27 NY3d 902 [2016]). The father's additional allegations of procedural and evidentiary errors affecting the fact-finding hearing are of no consequence, as Supreme Court's custody order rested only upon admissible evidence, and our review of the hearing transcript did not reveal any error that requires reversal (see Matter of Jolynn W. v Vincent X., 85 AD3d 1217, 1218 n [3d Dept 2011], lv denied 17 NY3d 713 [2011]; Matter of Brown v White, 3 AD3d 743, 744 [3d Dept 2004]; cf. Matter of Richard SS., 55 AD3d 1001, 1002 [3d Dept 2008]; Matter of Mary S., 279 AD2d 896, 898 [3d Dept 2001]; see generally Matter of Christine EE. v David FF., 235 AD3d 1156, 1157 [3d Dept 2025]).
Next, we turn to the father's challenge to the child support determination. Supreme Court is not bound by a party's representation about his or her income, and may "impute income to a party based on the party's earning capacity, as long as the court articulates the basis for imputation and the record evidence supports the calculations" (McGovern v McGovern, 218 AD3d 1067, 1069 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Susko v Susko, 181 AD3d 1016, 1020-1021 [3d Dept 2020]). Here, as the court noted, the father was a licensed, practicing attorney, yet his reported income was less than he would earn working a full-time minimum-wage job. The court further found that the father's testimony about the extent of expenses necessary to run his solo practice was "unrealistic," thus rejecting his explanations for his limited income. The court then decided to impute income to the father based on his earning capacity, as supported by the father's own testimony regarding his hourly rate and the number of hours he could work each week while still maintaining his ethical duties as an attorney. Given the considerable discretion with which Supreme Court is vested in this realm and deferring to its credibility determinations (see Matter of Treglia v Varano, 222 AD3d 1299, 1301 [3d Dept 2023]), we find no basis upon which to disturb the court's income imputation or the resulting child support determination (see Matter of Woodcock v Welt, 212 AD3d 1064, 1067-1068 [3d Dept 2023]; Yezzi v Small, 206 AD3d 1472, 1475-1476 [3d Dept 2022]).
However, we agree with the father that Supreme Court erred in ordering him to turn over to the mother federal stimulus payments that he received for the 2021 tax year pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (see 26 USC § 6428, as added by Pub L 116-136, 134 US Stat 281, 335-337 [2020]; see also Matter of Josefina O. v Francisco P., 213 AD3d 1158, 1159-1160 [3d Dept 2023]). These sums were received by the father well after the commencement of the matrimonial action and, thus, were not marital property[*5](see Domestic Relations Law § 236 [B] [1] [c]).[FN3] Further, inasmuch as the sums at issue "were not paid for the benefit of the minor children, but they were the [father's] advance refund for a tax credit earned pursuant to [his] last tax return," the court could not have directed such payments as child support (Matter of Josefina O. v Francisco P., 213 AD3d at 1159-1160 [internal quotation marks omitted]; see also 26 USC § 6428 [a], [f]). Accordingly, we reverse that part of the court's order which directed the father to turn over to the mother the advance refund for a tax credit he received for the 2021 tax year pursuant to the CARES Act.
Next, we find no merit in the father's contention that Supreme Court abused its discretion in denying his motion for recusal. "Where, as here, disqualification is not required under Judiciary Law § 14, a judge's decision on a recusal motion is one of discretion, and when recusal is sought based upon impropriety as distinguished from legal disqualification, the judge is the sole arbiter" (Kopko v Kopko, 229 AD3d 974, 975 [3d Dept 2024] [internal quotation marks and citations omitted], appeal dismissed 42 NY3d 1086 [2025]). The record on appeal reflects that the court fairly considered the admissible evidence and did not predetermine the result of these proceedings. Contrary to the father's arguments, Supreme Court did not improperly favor the mother; at various points, the court was critical of each parent and appropriately admonished them both. As the record does not reveal that Supreme Court was biased, relied on extrajudicial information or otherwise prejudged these matters, we are satisfied that the court did not improvidently exercise its discretion in declining to recuse from the instant action (see Heber v Heber, 237 AD3d 1276, 1278-1279 [3d Dept 2025]; Kopko v Kopko, 229 AD3d at 976; Matter of Patrick UU. v Frances VV., 200 AD3d 1156, 1161-1162 [3d Dept 2021]; compare Matter of Nicole B. v Franklin A., 210 AD3d at 1354-1355).
The father's remaining contentions, to the extent not expressly addressed herein, are either unpreserved or have been reviewed and found to lack merit.
Garry, P.J., Egan Jr., Lynch and Mackey, JJ., concur.
ORDERED that the appeal from the order is dismissed, without costs.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as directed plaintiff to pay defendant $5,200 representing sums that plaintiff received as an advance refund for a tax credit for the 2021 tax year pursuant to the CARES Act; and, as so modified, affirmed.

Footnotes

Footnote 1: Although the father appealed from the January 2023 decision and order, rather than from the subsequently entered judgment of divorce, "as the judgment does not materially differ from the order, we exercise our discretion to treat the appeal as taken from the final judgment" (Arthur v Arthur, 148 AD3d 1254, 1254 n 1 [3d Dept 2017]; see CPLR 5520 [c]; Heber v Heber, 237 AD3d 1276, 1277 n 1 [3d Dept 2025]). Additionally, the appeal from the December 2021 order must be dismissed, as the father's right to appeal therefrom terminated upon the subsequent entry of the judgment of divorce; nevertheless, his appeal from the judgment brings up for review his arguments pertaining to such order (see CPLR 5501 [a] [1]; Gardner v Gardner, 228 AD3d 1074, 1074 n [3d Dept 2024]; Breen v Breen, 222 AD3d 1202, 1203 n 1 [3d Dept 2023]).

Footnote 2: The mother did not appear on the instant appeal. The attorneys for the middle child and the youngest child each argue that the custody order is supported by a sound and substantial basis. Additionally, although the custody order granted the father parenting time with the oldest child at her discretion, that child reached the age of majority during the pendency of this appeal, rendering moot any issues of custody and parenting time pertaining to that child (see Matter of Laura E. v John D., 216 AD3d 1274, 1274 n 2 [3d Dept 2023]).

Footnote 3: Indeed, Supreme Court acknowledged there was no marital property that required judicial intervention or equitable distribution.